FRANCES M. McGINN v. ROBERT J. McGINN

BOGDANSKI, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued March 5—decision released April 14, 1981

*Elizabeth A. Dorsey,* with whom was *William F. Gallagher,* for the appellant (plaintiff).

*Eugene Scalise, Jr.,* for the appellee (defendant).

PER CURIAM. This appeal challenges the propriety of certain financial orders rendered in connection with a marital dissolution action. After a full hearing, the state trial referee, acting as the trial court, concluded that the marriage between the plaintiff Frances M. McGinn and the defendant Robert J. McGinn had broken down irretrievably; see General Statutes § 46b-40 (c) (1); and that the two minor children should remain in the custody of their mother. The court ordered the defendant to pay support for the children totalling $50 a week, and to pay the plaintiff lump sum alimony of $13,500. The plaintiff in turn was ordered to convey to the defendant her interest in the marital home. The plaintiff has appealed from these financial orders.

This court has repeatedly emphasized the narrowness of our review of financial matters in dissolution cases. Trial courts have broad discretion

to determine questions of support, alimony and property allocation pursuant to the provisions of General Statutes §§ 46b-81, 46b-82 and 46b-84. *Koizim* v. *Koizim,* 181 Conn. 492, 497, 435 A.2d 1030 (1980); *Murphy* v. *Murphy,* 180 Conn. 376, 379, 429 A.2d 897 (1980); *Posada* v. *Posada,* 179 Conn. 568, 572, 427 A.2d 406 (1980). Our review is limited to determining whether there has been an abuse of legal discretion. *Hardisty* v. *Hardisty,* 183 Conn. 253, 260, 439 A.2d 307 (1981); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979).

The court's financial orders are amply supported by the facts found in the memorandum of decision and by the underlying record. The court expressly adverted to the length of the marriage, the parties' stations in life, the amount and sources of income available to each, their assets and their needs. The court might well have considered, in addition, evidence in the record concerning the causes of the marital breakup and the history of financial contributions from the plaintiff's family. Taken as a whole this record furnishes a sufficient basis for the orders of alimony and property distribution. The court was not obligated to spell out each of the statutory criteria that it had taken into account. *Scherr* v. *Scherr,* 183 Conn. 366, 439 A.2d 375 (1981); *Posada* v. *Posada,* supra, 573.

There is similarly a sufficient basis for the court's order that the defendant pay child support of only $20 per week for his minor son Thomas and $30 a week for his minor daughter Sheila. The trial court's memorandum of decision indicates that the court noted that Sheila is a diabetic and requires special dietary care and medication. The court's

order is however consistent with the evidence that Sheila's uninsured expenses for medicines were only $38.17 for a two-month period. The trial court ordered the defendant to carry his minor children on the Blue Cross and CMS insurance available to him in connection with his employment. Taking all these factors into account, in addition to the other evidence relating to the parties' needs and resources, the trial court could reasonably have made the awards that it did.

There is no error.