JEAN M. GHIROLI *v.* RAYMOND R. GHIROLI

BOGDANSKI, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued May 4—decision released June 9, 1981

*William F. Gallagher*, with whom, on the brief, was *Elizabeth A. Dorsey*, for the appellant (plaintiff).

*Linda Handman*, with whom was *Anthony J. Lasala*, for the appellee (defendant).

PER CURIAM. This is an action for dissolution of marriage in which the principal remaining point in dispute is the division of the parties' property. The action for dissolution was instituted by the plaintiff

wife, Jean M. Ghiroli, against the defendant husband, Raymond R. Ghiroli. After a hearing before a state referee sitting as the trial court, judgment was rendered dissolving the marriage, awarding custody of the minor child to the plaintiff, allocating the jointly owned property between the parties, and ordering the defendant to make certain monetary payments. The plaintiff thereafter filed a motion, which was heard and denied, to reargue and to set the judgment aside. The present appeal by the plaintiff ensued.

The appeal does not directly challenge the trial court's exercise of its discretion, pursuant to General Statutes §§ 46b-81, 46b-82 and 46b-84, to allocate the property jointly owned by the parties upon the dissolution of their marriage. Our cases make it clear that such a direct challenge would have had little chance of success. *McGinn* v. *McGinn,* 183 Conn. 512, 513, 441 A.2d 8 (1981); *Koizim* v. *Koizim,* 181 Conn. 492, 497, 435 A.2d 1030 (1980); *Posada* v. *Posada,* 179 Conn. 568, 572, 427 A.2d 406 (1980); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979). Instead, the appeal raises an evidentiary issue and an issue addressed to the form of the judgment rendered by the trial court.

The plaintiff's principal claim of error arises out of a request by the trial court, at the conclusion of the full hearing on the merits, that each side state to the court, in writing, its recommendation for an appropriate resolution of the parties' property dispute. The court invited submissions in the form of letters to the court from counsel for the plaintiff and from counsel for the defendant, and did not order that opposing counsel receive a copy of the submissions. The defendant's letter contained an

attachment, an appraisal by a third party of the rental value of one of the parcels of jointly owned property. In its judgment, the trial court awarded only this property to the plaintiff, and awarded the other jointly owned property to the defendant. The plaintiff argues that the court erred in receiving this appraisal in evidence, and that this error was of constitutional dimension, because it deprived the plaintiff of her constitutional right to examine this evidence and to cross-examine its proponent.

The record does not bear out the factual contention on which this assignment of error is premised. The trial court, in its memorandum on the motion to reargue and to set the judgment aside, expressly addressed the import of the contested appraisal. Conceding that the appraisal was not submitted into evidence, the court stated that it "was not considered by me." The trial court thus expressly recognized that it could not properly have based its judgment on an ex parte appraisal and declared that it had not done so.

This explanation by the trial court of what had transpired rebuts the plaintiff's claim of error. The mere fact that information has improperly come to the attention of the trier does not invariably compel a new trial. We have repeatedly acknowledged, in cases tried to a jury, that curative instructions can overcome the erroneous effect of statements that a jury should not have heard. See, e.g., *State* v. *Wright,* 169 Conn. 256, 262, 362 A.2d 983 (1975); *Tefft* v. *New York, N.H. & H. R. Co.,* 116 Conn. 127, 134, 163 A. 762 (1933); Maltbie, Conn. App. Proc. § 94. It would be anomalous indeed to hold that an experienced trial court judge cannot similarly disregard evidence that has not properly been

admitted. There may be instances where it is so unclear what effect the disputed evidence might have had, or where its prejudicial effect is so overwhelming, that the fair administration of justice requires a new trial. *Barbieri* v. *Cadillac Construction Corporation,* 174 Conn. 445, 451, 389 A.2d 1263 (1978); *Kovacs* v. *Szentes,* 130 Conn. 229, 232, 33 A.2d 124 (1943). Under all the circumstances of this case, we find no basis for discountenancing the trial court's report of the evidence that it considered and the evidence that it did not consider.[1]

The plaintiff's second claim of error arises out of the failure of the trial court to make a definitive disposition of the personal property owned by the parties. In the original proceedings before the trial court, neither party had sought an award of the personal property. When this omission was called to the attention of the trial court on the motion to reargue and to set the judgment aside, the court referred the matter "to the good judgment of counsel." The judgment as rendered does not refer to the parties' personal property. The plaintiff claims that the trial court erroneously delegated to counsel its responsibility for adjudicating the disputed rights to the personal property. We do not agree.

This case is not controlled by *Valante* v. *Valante,* 180 Conn. 528, 529, 429 A.2d 964 (1980), on which the plaintiff relies. There the trial court had ordered the family relations division to divide the personal property of the parties in the event that the parties could not agree to a division. This

---

[1] The plaintiff adverts to possible confusion on the part of the trial court with regard to other evidence arising out of a family relations report. Whether the trial court considered that evidence in arriving at its original judgment has no bearing on whether the trial court improperly considered the disputed appraisal.

court held that a family relations officer could not be authorized to decide disputes or to render a judgment. We do not read the decision of the trial court here to invest counsel with the authority to render a judgment. In the absence of timely claims, and after all other matters had been adjudicated by the court, the court was merely encouraging the parties themselves, through counsel, to resolve this minor residual dispute. The court made no order authorizing any other form of resolution of this dispute should efforts at a private settlement prove unsuccessful. In no sense can a suggestion that the parties seek to reach a private settlement be construed as an improper delegation of judicial authority.

There is no error.