[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR A NEW TRIAL DATED MARCH 5, 1993
This court requested at the end of the trial that the issue of the admissibility of plaintiff's Exhibits J and K be included in the parties' post-trial briefs. The plaintiff claimed in cross-examination of the defendant that the defendant had airline reservations for a trip to Cancun with a female companion the next day. The defendant denied this claim during cross-examination. The plaintiff testified in rebuttal and introduced the disputed exhibits over objection, CT Page 2904 ruling that the documents were not hearsay.
Exhibit J purports to be a confirmation by American Airlines of reservations in the defendant's name. Exhibit K is a piece of paper with printing which says the defendant has airline reservations. It covers no identifying remarks or information as to its origin. Both exhibits were offered to prove that the defendant had such reservations.
The plaintiff responds in her brief (p. 10) that the contents of the telephone call from American Airlines and the supporting information were not introduced to prove the truth of the statements made therein. The purpose, the plaintiff claims, was to show that another act had occurred, namely, that the defendant made an airline reservation, was spending money he previously denied he had, and was to be accompanied by a female, after earlier denying he had a female companion.
The court agrees with the defendant that it committed error in allowing the two documents into evidence. The obvious effect of the proposed documents was to show that the defendant made the reservations in question. They were not offered under the business records exception to the housing rule, pursuant to General Statutes, Sec. 52-180; American Oil Co. v. Valenti, 179 Conn. 349, 355, 357, 426 A.2d 305 (1979), and should have been excluded as hearsay. Plaintiff's Exhibits J and K are ordered stricken as exhibits and relabeled "Plaintiff's Exhibits J and K" for identification only.
The critical issue is whether this error justifies a new trial. The defendant claims that the extraordinary effect of this evidence means that this court cannot possibly disregard its effect.
The dialogue concerning this evidence is found in the transcript of February 16, 1993. The defendant cites numerous cases in which the court has held, in effect, that there is no way to know whether or not the nonadmissible evidence will affect the judge's mind in reaching the decision.
The simple answer to this proposition is that in this case there is a way to know that the evidence has had no effect on this judge's decision. The court's stance in this CT Page 2905 matter is very similar to that of the trial judge in Ghiroli v. Ghiroli, 184 Conn. 406, 408-409, 439 A.2d 1024 (1981), which counsel for the defendant cited in giving a commendably balanced appraisal of the case law on this subject. This judge firmly and absolutely decided to disregard this evidence entirely in the decision of this case. As a trial judge for ten years and appeals judge for eight years, I can consciously rule the evidence out of my mind and I have done so.
For even if the evidence had been admissible, it does not prove that the defendant made or even knew about it. This is very clear in my mind. Even though the knowledge is in my mind, and this court expressed great skepticism about the defendant's denials, the erroneous admission does not prejudice the defendant in any way for the following reasons:
1. The defendant's credibility was already seriously in doubt concerning his version of the lockout at the family home and concerning unreported income.
2. The defendant's keeping company with a woman has no direct bearing on any issue in the case. It would affect his credibility but the court has decided firmly that it should not in this case, since the defendant cannot fairly be judged as to credibility by evidence that should not have been in the case in the first place. It should be noted that from counsel table the defendant muttered that he had already made arrangements to pick up the children on Thursday, and this court stated that it would see that this was put in the record, which is done hereby.
3. The court largely credited his version of his financial decline and ordered only the $300 a week support which he proffered in his brief. The only deviation from his proposed financial orders was the imposition of $1.00 a year alimony, the changing of which to substantial alimony may be done later if the plaintiff can prove changed circumstances through greater income and assets. The plaintiff can attempt to prove this in a later proceeding before another judge who cannot possibly be influenced by this inadmissible evidence.
4. The Cancun matter has no bearing whatsoever on the prime issue in the case, whether the wife can move to North Carolina with the children. For even taking all of his CT Page 2906 evidence and claims at face value, the case for allowing the move to North Carolina is overwhelmingly persuasive.
The motion for a new trial is denied.
T. Clark Hull State Trial Referee