[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE MOTION FOR NEW TRIAL
The letter-report of the attorney for the minor child did not request leave to open the case for the presentation of additional evidence, and any representations of fact contained in that document could not be and were not considered by the court. Representations of counsel, not under oath, nor by way of stipulation or admission are not evidence. Cologne v. WestfarmsAssociates, 197 Conn. 141, 153-154, 496 A.2d 476 (1985). And, as both the Supreme Court and the Appellate Court have recognized in another context: "Surely, a trial judge is able to disregard evidence erroneously admitted or only consider that evidence for the limited purposes for which it is admissible. `We have repeatedly acknowledged, in cases tried to a jury, that curative instructions can overcome the erroneous effect of statements that a jury should not have heard. . . . It would be anomalous indeed to hold that an experienced trial court judge cannot similarly disregard evidence that has not properly been admitted.' (Citations omitted.) Ghiroli v. Ghiroli, 184 Conn. 406, 408-409, 439 A.2d 1024
(1981)." (Footnote omitted.) Manaker v. Manaker, 11 Conn. App. 653,656-657, 528 A.2d 1170 (1987).
Moreover, as an examination of that letter-report and of the court's memorandum of decision reflects, the attorney for the minor CT Page 9133 child raised no new issues or arguments that were dispositive of the case. What was dispositive was the allocation of the burden of proof. As the court's memorandum of decision states: "Of critical importance in this case is which party has the burden of proof as to the issues raised. The parties post-trial briefs did not discuss this all-important question. Upon closer examination of the record, the court ordered supplemental briefs addressing this issue. The plaintiff's supplemental brief takes the position that (1) in an equitable action based on fraud, the burden of proof is on the plaintiff to establish his claim by clear and convincing evidence, but that here, a fiduciary relationship existed between the parties which shifted that burden to the defendants; (2) in an action for declaratory relief, the burden of proof is upon the plaintiff to establish his claim by a preponderance of the evidence." As the memorandum of decision went on to discuss, the plaintiff and the defendant clearly did not have a fiduciary relationship, and the case law does not otherwise suggest that the burden of proof was elsewhere than on the plaintiff.
The plaintiff's motion for a new trial is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court