## MARJORY W. ELMORE *v.* BENJAMIN ELMORE

BROWN, C. J., JENNINGS, BALDWIN and INGLIS, Js.[1]

Argued November 8—decided December 11, 1951

*George Schwolsky*, with whom were *Samuel S. Goldstein, Samuel Freed* and, on the brief, *John W. Joy*, for the appellant (defendant).

*James N. Egan*, with whom, on the brief, was *William E. Egan*, for the appellee (plaintiff).

JENNINGS, J. The judgment in this case awarded the plaintiff a divorce on the ground of habitual intemperance, custody of two minor children with rights of reasonable visitation in the defendant at the residence of the plaintiff, alimony and support. As alimony, there

---

[1] By agreement of counsel the case was argued before and decided by four judges.

were awarded to the plaintiff the family residence, free of mortgage, and $25,000, payable $10,000 in two weeks and the balance within a year, plus $25 a week. The defendant was also ordered to pay the plaintiff $15 per week for the support of each child. The finding fails to disclose any claims of law made by the defendant, as required by Practice Book, § 344, although certain claims of fact are so denominated. Nevertheless, the claims of the defendant will be briefly noticed.

The brief of the defendant states two issues on appeal: (1) The award of alimony was an abuse of discretion. (2) The limitation upon the privilege of visitation, confining it to the residence of the plaintiff, was also an abuse of discretion. The second issue is without merit. Findings supported by ample evidence were adequate to support the order in view of conditions existing at the time of trial. The conduct of the defendant was not such as to commend him to any court. If conditions change, an application for modification can always be made.

The award of alimony was large both intrinsically and in relation to the defendant's means. His principal asset was an interest in a closely held family corporation engaged in the manufacture of burial vaults. The trial court recognized the difficulty of putting a fair value on this business, but there was evidence which the court found credible to support a valuation of $100,000. The net worth of the defendant is not specifically stated in the finding, but from the memorandum of decision the trial court evidently based its award on a net worth of $75,000 as a reasonable estimate of the excess of assets over debts. Admissions in the defendant's draft finding confirm this figure and also indicate that the award of $25,000 plus the residence clear of mortgage amounts to nearly half of the defendant's net worth. As stated above, it is the defendant's claim that the

award of this lump sum plus weekly payments of $25 constituted an abuse of the court's discretion.

The statute authorizing an award of alimony is very broad. General Statutes § 7335. The former limitation of alimony to one-third of the husband's estate was removed from the statute in 1911. Public Acts, 1911, c. 190. The present statute gives the court a wide discretion. *Felton* v. *Felton*, 123 Conn. 564, 567, 196 A. 791; *Schilcher* v. *Schilcher*, 124 Conn. 445, 448, 200 A. 351. "An abuse of judicial discretion will be reviewed on appeal in this as in other cases, but trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant. It is not surprising, therefore, that no Connecticut case had been found in which that discretion has been held to have been abused." *LaBella* v. *LaBella*, 134 Conn. 312, 318, 57 A. 2d 627; see also *French* v. *French*, 135 Conn. 542, 547, 66 A. 2d 714; *Heard* v. *Heard*, 116 Conn. 632, 636, 166 A. 67; 27 C. J. S. 970, § 236. We cannot hold that the award made in the case at bar constituted an abuse of discretion.

There is no error.

In this opinion the other judges concurred.