## NANCY H. WOOD *v.* ROBERT D. WOOD

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued December 4, 1973—decided January 23, 1974

*Robert B. Snow, Jr.,* for the appellant (plaintiff).

*David Goldstein* and *Michael A. Meyers,* with whom, on the brief, was *Daniel D. Peck,* for the appellee (defendant).

SHAPIRO, J. In 1970, the plaintiff brought an action against the defendant seeking a divorce, custody of and support for their minor children, alimony and counsel fees. The referee to whom the case was referred, acting as the court, granted the divorce, awarded custody of the children to the plaintiff with rights of visitation to the defendant, entered orders for alimony and an allowance for support of the children, and awarded counsel fees. From a judgment rendered thereon, the plaintiff has appealed to this court. The plaintiff assigns error to the overruling by the court of her claims of law and to the court's striking from the finding two paragraphs which she claims were admitted or undisputed.

The court found in two paragraphs of its finding that the plaintiff and defendant resided in California until July of 1967 and that their assets were substantially the same then as they were when this divorce action was brought. Pursuant to Practice Book § 623, the defendant filed an assignment of errors claiming that the court erred in finding these facts without evidence. Thereupon, the court corrected its finding by ordering these paragraphs stricken. The plaintiff contends that there is no question of credibility involved here, and, as we understand her claim, that following the defendant's assignment of errors, and initially having included the two paragraphs in its finding, the court was precluded from reconsidering whether the two paragraphs should be stricken since the facts therein were admitted or undisputed.

In order to prevail, the plaintiff must point to some part of the appendices to the briefs, the pleadings, or an exhibit properly before us, which discloses that the defendant admitted that the fact in question was true or that its truth was conceded to be undisputed. *LaReau* v. *Warden,* 161 Conn. 303, 304, 288 A.2d 54; *Brauer* v. *Freccia,* 159 Conn. 289, 290, 268 A.2d 645; *Cohen* v. *Holloways', Inc.,* 158 Conn. 395, 397, 260 A.2d 573; Maltbie, Conn. App. Proc. § 158. That a fact was testified to and was not directly contradicted by another witness is wholly insufficient. Practice Book § 628 (a); *Brauer* v. *Freccia,* supra; *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619. The trier is the judge of the credibility of witnesses. *LaReau* v. *Warden,* supra; *Banks* v. *Adelman,* 144 Conn. 176, 179, 128 A.2d 534, and cases cited. There is no evidence in either appendix to show that the plaintiff and the defendant resided in California until July of 1967. The evidence in the plaintiff's appendix discloses that she testified that their assets, when they came to Connecticut, were substantially the same as they are now. The appendix to each party's brief also contains the financial statement of that party, and both statements were subscribed and sworn to on January 13, 1972, the day on which the court heard the plaintiff. An examination of the evidence in the appendices fails to disclose that, as a matter of law, the court was required to accept that portion of the plaintiff's testimony simply because she so testified from the witness stand.

Practice Book § 623 provides, in part, for the filing of "an assignment of errors directed to the finding of any fact . . . , in accordance with the provisions of Secs. 612 and 622." Section 612 relates to the filing of an assignment of errors with an

appeal, and § 622 provides for the errors in a finding which may be assigned. Section 626 provides, in part, that corrections in a finding may be made by the trial court in "such paragraphs of the finding as it finds incorrect." Section 628 (c) permits the correction of findings of fact upon the finding of a material fact without evidence. Pursuant to the defendant's assignment of errors, the court acted within the proper scope of its authority in ordering stricken the two contested paragraphs of its finding.

The plaintiff made the claim "that she was entitled to a lump sum payment of $459,000 representing her interest in the parties' community property when they left California and moved to Connecticut, in addition to periodic alimony," which the court overruled and to which the plaintiff has assigned error. The plaintiff contends that she is entitled to certain benefits based on the community property law under the California Civil Code which she seeks to have this court judicially notice and apply to the present case. Neither the record nor the plaintiff's brief or its appendix discloses that the plaintiff, during the trial, sought to have the court take judicial notice of the California law. "It is important to point out, however, that the court need not take judicial notice of the law of a foreign jurisdiction, whether common law or statutory, under General Statutes §§ 51-32, 52-163 and 52-164, unless authoritative sources of the foreign law, subject to inspection or verification by opposing counsel, are made available to the court by reference or otherwise, under the usual rules for judicial notice." *Heating Acceptance Corporation* v. *Patterson*, 152 Conn. 467, 475, 208 A.2d 341. "Matter which it is claimed the court should judicially notice should be called to its attention by the party

seeking to take advantage of the matter so that, if there is ground upon which it may be contradicted or explained, the adverse party will be afforded an opportunity to do so." *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 477–78, 133 A.2d 901; see also *Angier* v. *Barton,* 160 Conn. 204, 211, 276 A.2d 782. The plaintiff has failed properly to raise the issue regarding the application of California law. Accordingly, in such a situation, the California law need not be judicially noticed and the trial court was therefore entitled to determine the amount of an award of alimony, support of children and other relief according to our law. *Adamsen* v. *Adamsen,* 151 Conn. 172, 178, 195 A.2d 418; *Stenz* v. *Sandstrom,* 143 Conn. 72, 76, 118 A.2d 900.

The plaintiff made the further claim "that she was reasonably entitled to one-half of the parties total assets, that is, a lump sum payment of $388,000 in addition to periodic alimony," which the court overruled and which the plaintiff assigns as error. The court found the following unchallenged facts: The parties, just having graduated from college, had no assets and were married in California in 1949, where the defendant worked as an usher at the Columbia Broadcasting System (CBS) in Los Angeles. They have two minor children, Virginia, born in 1952, and Dennis, born in 1955. The parties have resided continuously in Connecticut since July of 1967. The defendant has been employed continuously since commencing as an usher and is now president of the CBS television network, where he receives a gross salary of $95,000 per year, an annual bonus of $16,000 and other income of $20,000 a year. He has bank accounts totaling $51,250,

securities with a net value of $324,605, a real estate investment of $50,000, other net assets of $85,500, and interests in a pension fund, deferred compensation plan and investment fund of $335,500. Of this amount he inherited $83,000 and his equity interest in their Greenwich home is $71,000. The plaintiff has an equity interest in that home of $52,500 and a bank account of $2500. She has no income, has liabilities of $16,194.81 and her average monthly expenses for herself and the two children over the past two years is in excess of $5658.50. Throughout the marriage, the plaintiff helped the defendant in his business by traveling with him and planning and organizing luncheons, dinners and entertainment for business guests. At the time of the purchase of the Greenwich home the defendant placed a one-half interest in the plaintiff's name. The defendant accumulated all of his assets shown in his financial affidavit through his own efforts and by inheritance. The court concluded that the defendant should provide for support, education and maintenance of the minor child Virginia in the yearly amount of $7500 until she reaches the age of twenty-one, becomes emancipated or marries; that he continue to pay for the secondary and college education of the minor child Dennis and if he attends graduate school to pay his tuition and support until the age of twenty-four. In addition, he is to pay $450 per month for the support of Dennis until he reaches the age of twenty-one, becomes emancipated or marries; that, as alimony, the defendant's interest in the Greenwich property shall pass to the plaintiff and the defendant shall continue to make the mortgage and insurance payments and pay the real estate taxes thereon until the plaintiff remarries; that in addition, monthly alimony of $2000 shall

be paid and when the obligation to support either or both of the children expires this amount will be increased by a corresponding yearly amount of $2000 until the plaintiff remarries; that the defendant shall be liable to the amount of $3500 for certain outstanding household expenses; that he shall provide the plaintiff with life insurance coverage on his life in the amount of $100,000 with the proviso that if she predeceases him or remarries, the amount is to be paid in equal shares to the children; that the defendant provide CMS, Blue Cross, Major Medical or its equivalent until the children reach the age of twenty-one, become emancipated or marry, and provide the same benefits for the plaintiff until she remarries; and that the defendant pay $15,000 as counsel fees.[1]

The plaintiff contends that the court abused its discretion because it did not award her a far greater portion of the defendant's assets and that a reasonable award in this uncontested divorce would be an additional $350,000 as lump sum alimony, although in her assignment of errors she claims a lump sum payment of $388,000. " 'An abuse of judicial discretion will be reviewed on appeal in this as in other cases, but trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant.' *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627. The statute authorizing an award of alimony is very broad and gives the

[1] We note from the appendices to the briefs that the court had before it the financial affidavits of both parties. The defendant's affidavit reflects the various tax deductions and other expenses incurred by him as well as his gross income.

court a wide discretion. General Statutes § 46-21;[2] *Elmore* v. *Elmore,* 138 Conn. 408, 410, 85 A.2d 491. Alimony is based upon the continuing duty of a divorced husband to support an abandoned wife and should be sufficient to provide her with the kind of living which she might have enjoyed but for the breach of the marriage contract by the defendant. *Shrager* v. *Shrager,* 144 Conn. 483, 487, 134 A.2d 69. Only one Connecticut case can be found in which the court's discretion in setting alimony was held to have been abused, and in that case the trial court had refused to increase an award of $260 annually when the husband was earning over $10,000 per year. *Shrager* v. *Shrager,* supra; see *Elmore* v. *Elmore,* supra; *LaBella* v. *LaBella,* supra." *Thomas* v. *Thomas,* 159 Conn. 477, 483, 271 A.2d 62. We cannot say that the court's award in the case before us was inadequate as a matter of law.

There is no error.

In this opinion the other judges concurred.

---

[2] Section 46-21 of the General Statutes, under which the court entered its order for alimony, has been repealed by Public Acts 1973, No. 73-373, § 43, and replaced in part by §§ 20 and 21 of that same act as they relate to alimony. Section 46 of the new act provides that the act will apply to appeals from, and motions for modification of, any alimony order entered pursuant to a decree of divorce rendered prior to the effective date of the new act, October 1, 1973. Even assuming that § 46 applies to appeals taken prior to October 1, 1973, a question we do not decide, the new act would not change the result in the present case.