MARY L. POSADA *v.* HUMBERTO POSADA

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

 

Argued December 5, 1979—decision released February 5, 1980

M. J. Daly III, with whom was Donald N. Vitale, for the appellant (plaintiff).

Gary G. Williams, with whom, on the brief, was Arnold M. Potash, for the appellee (defendant).

PETERS, J.   This is an appeal from the financial parts of a judgment rendered by the trial court (J. Healey, J.) dissolving the marriage of the plaintiff Mary Louise Posada and the defendant Humberto Posada.  The parties were in agreement that the marriage had broken down irretrievably, as determined by the court.  This appeal principally concerns the effect of the trial court's failure expressly to take into account the precipitating causes of the dissolution of the marriage between the parties.

The trial court's extensive finding of fact, which is not challenged on this appeal,[1] establishes the following:  The parties were married on August 22,

---

[1] Although the assignment of errors raised questions about the finding of fact and about its failure to include portions of the plaintiff's draft finding, these issues were not briefed on appeal and are therefore considered to have been abandoned.  Practice Book, 1978, § 3063; Gould v. Rosenfeld, 178 Conn. 503, 506, 423 A.2d 146 (1979); O'Connor v. Dory Corporation, 174 Conn. 65, 70, 381 A.2d 559 (1977).

1976 and separated some eighteen months later in March, 1978. Their relationship, which had been volatile from the outset, continued to manifest signs of disagreement during the period of the marriage. There were difficulties in the marriage arising out of the conduct of both parties. The parties lived in a home in Waterbury; the home was bought by the defendant and the plaintiff contributed $3000 for carpeting. The plaintiff is a registered nurse, but gave up this employment upon her marriage to the defendant. She is thirty-four years of age, in good health, and jobs are available to her. The defendant is a practicing physician in private practice.

The court's order, based upon its determination of the irretrievable breakdown of the parties' marriage, restored to the plaintiff, at her request, her prior name before the marriage, and directed that the plaintiff vacate the family home. The court awarded the plaintiff lump sum alimony in the amount of $4000, and counsel fees of $1000; the defendant was further directed to hold the plaintiff harmless from a charge relating to installation of a security system at the family home. The plaintiff thereupon filed a motion to open, reargue and revise the court's decision; although the court permitted reargument, it denied the motion to revise.

The plaintiff's appeal focuses upon three paragraphs in the finding stating the trial court's conclusions. The court stated, without elaboration: "Considering all of the factors enumerated in § 46-52,[2] General Statutes, the plaintiff wife is not

[2] Section 46-52 has now become § 46b-82, which states: "ALIMONY. At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court

entitled to an award of periodic alimony. Considering all of the factors enumerated in § 46-51,[3] General Statutes, the plaintiff is not entitled to a transfer or assignment of any of the estate or property of the defendant husband. . . . The court reaches no conclusion as to the causes for the dissolution of the marriage." The plaintiff's complaint contained two counts, the first claiming irretrievable breakdown and the second claiming intolerable cruelty; the defendant's answer admitted the allegation of the complaint with regard to irretrievable breakdown but denied the allegation of intolerable cruelty. The plaintiff argues that the trial court could not properly take into account the various factors prescribed in §§ 46-51 and 46-52 without first determining the causes for the dissolution of the marriage, since "the causes for the annulment,

---

may deem desirable. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

[3] Section 46-51 has now become § 46b-81, which states, in relevant part: "(c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

dissolution of the marriage or legal separation" are among the statutorily enumerated factors that the court "shall consider." We do not agree.

This court has reiterated time and again that awards of financial settlements ancillary to a marital dissolution rest in the sound discretion of the trial court. *Fucci* v. *Fucci,* 179 Conn. 174, 181, 425 A.2d 592 (1979); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 262–63, 413 A.2d 854 (1979); *Lee* v. *Lee,* 174 Conn. 5, 7–8, 381 A.2d 529 (1977); *Ayers* v. *Ayers,* 172 Conn. 316, 321–22, 374 A.2d 233 (1977); *Aguire* v. *Aguire,* 171 Conn. 312, 313, 370 A.2d 948 (1976); *Chambliss* v. *Chambliss,* 171 Conn. 278, 279, 370 A.2d 924 (1976). That discretion must of course be exercised within the bounds created by the applicable statutes. In interpreting and applying the statutes, however, we must be guided by their context, especially by their relationship to the statute which permits the dissolution of a marriage "upon a finding that . . . [a] marriage has broken down irretrievably." General Statutes § 46-32 (c) (Rev. to 1977) (now § 46b-40 (c) (1) ). The latter statute clearly establishes a state policy recognizing that "a marital relationship may terminate in fact without regard to the fault of either marital partner." *Joy* v. *Joy,* 178 Conn. 254, 256, 423 A.2d 895 (1979). No-fault divorce does not mean that the causes of a marital breakup are always irrelevant, but it does mean that determining cause is not crucial to the judicial administration of matrimonial matters.

The trial court's finding of fact recites in detail the history of the personal and financial relationship between the plaintiff and the defendant. This factual base amply supports the court's conclusions of law that the court "considered" the statutory

requirements of §§ 46-52 and 46-51. The plaintiff was afforded the opportunity to offer relevant evidence to assist the court in its evaluation of the statutory "considerations." The trial court was not obligated to make special conclusory findings about each of these "considerations." *Fucci* v. *Fucci,* supra, 181. In the text of the statutes, the criterion relating to "the causes for the . . . dissolution of the marriage" is only one item in an extensive list of criteria that the trial court is directed to take into account. While it would be error for the trial court to refuse to hear witnesses who might attest to the causes of the marital breakdown, the court is entitled to weigh this evidence in conjunction with the other statutory criteria, without having to make an adjudication whether, as in this case, the defendant's conduct amounted to intolerable cruelty.

The plaintiff's second ground of appeal attacks the trial court's conclusions as not adequately supported by a sufficient finding of facts. Insofar as this argument turns upon the failure to make an express finding about the causes for the dissolution of the marriage, it does not differ from the plaintiff's main ground of appeal, which we have already answered. The finding does contain numerous findings of fact about the conduct of the parties which would shed light upon the breakdown of their marriage. The plaintiff also challenges the propriety of the court's conclusion that the court's award had taken account of an arrearage of alimony pendente lite, in the absence of a specific finding of fact about the amount of that arrearage. The short answer to this allegation is that the trial court, at the outset of the proceedings before it, indicated its intention to treat the matter of alimony pendente lite con-

jointly with the other monetary matters before it, and that the plaintiff's counsel acquiesced in this procedure. Even the plaintiff's motion asking the trial court to open and revise its decision did not clearly request a specific calculation of arrearages in alimony pendente lite.

There is no error.

In this opinion the other judges concurred.