SHEILA BEEDE *v.* DAVID N. BEEDE

PETERS, HEALEY, PARSKEY, ARMENTANO and WRIGHT, Js.

Argued December 9, 1981—decision released February 2, 1982

*Edward Nusbaum,* for the appellant (defendant).

*Gaetano Ferro,* with whom was *Leland S. Engel-bardt,* for the appellee (plaintiff).

PER CURIAM. This is an appeal from alimony, child support and property assignment awards incident to a decree dissolving the 14-year marriage of the parties.

The facts are as follows: During the early years of the marriage the defendant was employed in several occupations, causing many relocations of the family, until he started a painting and decorating business in approximately 1970. The business prospered sufficiently to permit the defendant to work only twenty hours per week during 1979 while employing two individuals on a full time basis. Ascertaining his income was made difficult because the defendant maintained no written accounting system and one checking account for both his personal and business use. Nevertheless, after sifting through all the evidence the trial court found his annual income to be $24,000.

The plaintiff worked full time during the first ten years of the marriage in various unskilled occupations,[1] while primarily responsible for rearing the four children of the marriage, ages 7, 10, 13 and 14 at the time of the dissolution. The plaintiff also assisted the defendant part-time in his painting and

---

[1] The plaintiff worked as a waitress, a babysitter, and raised and sold puppies.

decorating business. At the time of the dissolution of the marriage the plaintiff was suffering from a slipped disc, but the court found that she would be able to resume employment in the future and based its awards expressly upon that contemplated fact.

The trial court found that the marriage had broken down irretrievably because the defendant committed adultery. The defendant admitted that he engaged in several acts of adultery during the three years prior to the dissolution, and the plaintiff testified that he rarely was at home.

The court awarded custody of the four minor children of the marriage to the plaintiff with reasonable rights of visitation to the defendant. In addition, the court ordered the defendant to pay $1500 a month to the plaintiff as periodic unallocated alimony and child support.[2] The trial court also assigned the property of the parties. The plaintiff was awarded the defendant's one-half interest in their jointly owned residential property situated at 21 Woodland Drive, Darien, which one-half interest had an estimated equity value of $89,360.20, according to the plaintiff's financial statement or $112,000, according to the defendant's financial statement. In addition, the plaintiff was awarded a 1973 Ford station wagon, and the antiques and furnishings in the Darien residence except for specified items of the defendant's personal property. Finally, the defendant became solely liable for several joint liabilities of the parties, amounting to approximately $4000, the 1978 and 1979 income taxes, and the plaintiff's attorney's fees in the amount of $1250.

[2] Upon the defendant's motion to reopen, reargue and clarify the trial court ordered that the child support award shall be reduced by $300 a month as each child reaches the age of eighteen.

The plaintiff was ordered to convey to the defendant her one-half interest, having an estimated equity value of $6350 in their jointly owned lot on Nantucket Island, Massachusetts. The defendant also retained his one-half interest in property located at 17 Thomasina Lane, Darien, owned jointly with a third party and having an estimated equity value of $13,250, together with his lot in Loda, Illinois, valued by the defendant at $4000. In addition, the defendant retained a 1973 Chevrolet van, a 1975 Honda Civic automobile and a 1979 Datsun sports car.[3]

In his appeal from the dissolution decree the defendant claims that the trial court abused its discretion in (1) focusing upon the defendant's adultery by making punitive awards; (2) conveying to the plaintiff his interest in the jointly owned residential property without considering alternative dispositions of the property; (3) awarding to the plaintiff $1500 a month alimony and child support while finding his income to be $2000 a month; (4) ordering the defendant to assume the joint liabilities of the parties; and (5) prejudging the case at trial before the defendant had an opportunity to introduce evidence.

As has been repeatedly stated by this court, judicial review of a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the court correctly applied the law and could reasonably have concluded as it did. E.g., *Smith* v. *Smith,* 185 Conn. 491, 494, 441

---

[3] Although the sports car was absent from his financial statement, filed June 13, 1980, the defendant testified at a hearing that date that he had purchased a Datsun 280ZX in February, 1980 in his mother's name, but the car was actually his. The trial court did not expressly award the car to either party.

A.2d 140 (1981); *Basile* v. *Basile,* 185 Conn. 141, 144, 440 A.2d 876 (1981); *McGuinness* v. *McGuinness,* 185 Conn. 7, 13, 440 A.2d 804 (1981). "It is the sole province of the trial court to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." *Smith* v. *Smith,* supra, 493.

"The purpose of property division 'is to unscramble the ownership of property, giving to each spouse what is equitably his.' Clark, Domestic Relations (1968) p. 450; see *Smith* v. *Smith,* 185 Conn. 491, 493, 441 A.2d 140 (1981); *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 583–85, 362 A.2d 835 (1975). At the time of entering a decree dissolving a marriage, the trial court may assign to either party all or any part of the estate of the other and may order either to pay alimony to the other. General Statutes §§ 46b-81 (a), 46b-82. In fixing the nature and value of the property assigned, and in determining whether alimony shall be awarded, and the duration and amount of the award, the court 'shall consider the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate' and needs of each of the parties. General Statutes §§ 46b-81 (c), 46b-82. With respect to property assignment, the trial court must also consider the liabilities of the parties, 'the opportunity of each for future acquisition of capital assets and income . . . [and] the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates.' General Statutes § 46b-81 (c)." (Footnotes omitted.) *McPhee* v. *McPhee,* 186 Conn. 167, 170–71, 440 A.2d 274 (1982). Pursuant to General Statutes § 46b-56 (c), "[i]n determining

whether a child is in need of support and, if in need, the respective abilities of the parents to provide support, the court shall take into consideration . . ." factors virtually identical to those considered with respect to alimony and shall also consider "the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child." General Statutes § 46b-84 (b).

In its memorandum of decision the trial court stated that it had considered these statutory elements. There is nothing in the record to support the defendant's claim that the court acted punitively in making its award by focusing on the defendant's adultery as the cause of the dissolution. Moreover, our review of the record refutes the defendant's other claims of error.

The trial court awarded the family residence in Darien to the plaintiff expressly to provide a home for the children and the custodial parent. After a hearing on the defendant's motion to reopen, reargue and clarify, the court denied the defendant's request that the residence be sold and the profits divided between the parties. These actions were well within the trial court's reasonable exercise of its discretion, as was the court's award of alimony and child support. Faced with conflicting testimony and the defendant's inadequate financial records, the trial court reasonably concluded that the defendant could afford to pay $1500 a month based on his $24,000 annual income from half-time employment and the retention of his business and substantial assets.

Requiring one party to assume the joint liabilities of the parties is authorized by General Statutes

§ 46b-81 which permits the court to assign the property of the parties in a dissolution decree. *Schmidt* v. *Schmidt,* 180 Conn. 184, 191, 429 A.2d 470 (1980). Therefore, we reject the defendant's claim that the court acted without authority in ordering the defendant to assume certain of the parties' liabilities.

Finally, the defendant claims that the court's remark during the initial hearing that "[t]he chances are the house probably won't go on the market, anyway," coupled with an order consistent with that remark, evidenced the court's prejudgment of the case. As the defendant concedes in his brief the remark alone does not suggest that the trial court was predisposed to not selling the Darien residence. Although the defendant claims post hoc, ergo propter hoc, it does not necessarily follow that the award of the residential property to the plaintiff was related to the court's remark and we cannot agree that the court did not consider all the evidence introduced at the four hearings in the present case.

In conclusion, we hold that the trial court made its awards after a careful consideration of the factors required by law and that its awards are amply supported by the record. Its awards are not clearly erroneous. Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980).

There is no error.