[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Paul Kostak, age 73 and the defendant, Adele Kostak, age 71, whose maiden name was Adele Golaszewski, were married in Torrington, Connecticut on June 22, 1946. There are no minor children, but an adult son and daughter issue of the marriage. CT Page 486
Although the defendant does not wish to have the marriage dissolved, it is apparent that the marriage has broken down irretrievably. The plaintiff moved to Florida in July 1987 and is presently living in a condominium owed by his brother, Thomas Kostak. Mr. Kostak recited various complaints against his wife dealing primarily with his claim that she did not get along with his family. Mrs. Kostak agrees that there were arguments with her husband over the years but nothing that would cause her to seek a dissolution. She also testified that on occasion her husband exerted physical violence upon her and had a violent temper. On balance, the court finds that the primary cause for the breakdown is the plaintiff's desire to be free and independent of his wife. In spite of the plaintiff's improper treatment of the defendant, there is nothing in the evidence to establish grounds on his behalf if the standard were intolerable cruelty.
Mr. Kostak receives a pension from the Torrington Company in the gross amount of $163.53 per week, social security of $171.23 with a net of $305.65. Mrs. Kostak receives social security of $73.38 per week and has been awarded $60.00 per week as alimony pendente lite. Mr. Kostak claims weekly expenses of $314.59 including the alimony payment while Mrs. Kostak claims weekly expenses of $340.51. The parties are joint owners of unencumbered real estate, where the defendant resides valued at $200,000.00.
In view of the ages of the parties, it is apparent that neither has a realistic earning capacity. The plaintiff presently enjoys a comfortable life style in Florida where he relaxes and plays golf. The defendant on the other hand is not in good health, suffering from asthma, nerves, a heart murmur and is in need of abdominal surgery. Under these circumstances, the marital home is necessary as a place for the wife to life. Her son Mark Kostak resides with his mother and will have to contribute monetarily to the household on a regular basis. He is a qualified teacher and there is no reason that he should receive a free ride at his mother's expense.
Mrs. Kostak has savings of approximately $16,000.00 while the plaintiff has a golf membership certificate valued at $7,000.00. He has a life insurance policy in the face amount of $27,000.00 and shows debts of $9400.00 including attorney's fees and a loan from his sister.
"In determining whether to award alimony, the court `shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties CT Page 487 and [any property] award . . . pursuant to section 46b-81. . . .' General Statutes Sec. 46b-82. In assigning property when dissolving a marriage, the court, in addition to the criteria listed in Sec. 46b-82 must consider the liabilities of the parties and `the opportunity of each for future acquisition of capital assets and income.' General Statutes 46b-81(c).
"The court is not obligated to make express findings on each of these statutory criteria. Dubicki v. Dubicki, 186 Conn. 709,716, 443 A.2d 1268 (1982); Posada v. Posada, 179 Conn. 568,573, 427 A.2d 406 (1980). The purpose of alimony is to meet one's continuing duty to support; Wood v. Wood, 165 Conn. 777, 784,345 A.2d 5 (1974); while the purpose of property division is to unscramble the ownership of property, giving to each spouse what is equitably his. Beede v. Beede, 186 Conn. 191, 195,440 A.2d 283 (1982)." Weiman v. Weiman, 188 Conn. 232,234; Sweet v. Sweet, 190 Conn. 657, 660.
From the evidence and applying the relative legal principles involved, the court finds that the following orders should enter:
1. The marriage of the parties be dissolved on the grounds of irretrievable breakdown.
2. The real estate located at 90 Lexington Avenue, Torrington, Connecticut shall remain in the names of the plaintiff and the defendant as tenants in common subject to the condition that the defendant shall have the exclusive right of possession during her lifetime. All personal property in said residence shall be the exclusive property of the defendant.
3. Each party shall retain possession of the motor vehicles which each of them currently possess, and they shall each be responsible for the payment of any loans, taxes and insurance pertaining to same, each agreeing to hold the other harmless from liability for said obligations.
4. Plaintiff shall keep his Torrington Company pension during his lifetime, and defendant waives all rights to said pension during plaintiff's lifetime. On the death of the plaintiff, defendant shall be entitled to whatever survivor's benefit is available under said pension. If the defendant predeceases the plaintiff, then any survivor's benefit available under said pension shall pass by plaintiff's will, if any, or by the applicable laws of intestacy.
5. The plaintiff shall pay to the defendant alimony in the amount of $60.00 per week.
6. Each party shall be responsible for his or her own CT Page 488 counsel fees.
Judgment shall enter accordingly.
PICKETT, J.