[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Gerald Robinson, age 58, and the defendant, CT Page 986 June A. Robinson, whose maiden name was June A. O'Meara, age 50, were married on February 1, 1973 at Lynnville Center, Massachusetts. T, his is the second marriage, for the plaintiff and the third for the defendant. There are no minor children issue of the marriage.
From the evidence, it is clear that the marriage has broken down irretrievably. The primary cause of the breakdown has been the physical and verbal abuse of the defendant including striking with open and closed fists to inflict physical harm, as well as verbal threats. In addition, the evidence discloses a close relationship with another woman which continues to the time of trial. A final contributing factor is the deteriorating financial status of the parties which has resulted in large part due to the inattention and financial mismanagement of the plaintiff.
The plaintiff and the defendant have been involved in various commercial endeavors including a tanning salon, as well as jewelry stores in Danbury, Connecticut, Trumbull, Connecticut and New Jersey. AT the present time the tanning salon is closed and the Danbury outlet has been sold. Neither of the remaining stores are showing a profit although the defendant claims that the New Jersey outlet known as New York/New York could, if properly administered, be profitable.
The parties are joint owners of real estate located at 149 Salmon Kill Road, Salisbury, Connecticut and the defendant owns property at 466 Newbury Street, Danvers, Massachusetts. The plaintiff owns a 1986 Cadillac, a 1984 Cadillac Seville and a 1982 Corvette, all registered in a company name. In addition there is a sailboat valued at $46,000.00 subject to a $64,000.00 loan. The 1986 Cadillac is encumbered by $1400.00, the Seville by $5,239.00 and the Corvette by $12,500.00. The Connecticut real estate has a value of approximately $300,000.00 and is subject to mortgages totalling $170,000.00. An examination of the financial affidavits reveals that the net worth of the parties approaches zero and the only hope for the defendant is that she can make a financial success of the New Jersey store.
"In determining whether to award alimony, the court' shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and (any property) award . . . pursuant to section 46b-81. . . .' General Statutes Sec. 46b-82. In assigning property when dissolving a marriage, the court, in addition to the criteria CT Page 987 listed in Sec. 46b-82 must consider the liabilities of the parties and `he opportunity of each for future acquisition of capital assets and income.' General Statutes Sec. 46b-81(c).
"The court is not obligated to make express findings on each of these statutory criteria. Dubicki v. Dubicki,186 Conn. 709, 716, 443 A.2d 1168 (1982); Posada v. Posada,179 Conn. 568, 573, 427 A.2d 406 (1980). The purpose of alimony is to meet one's continuing duty to support; Wood v. Wood,165 Conn. 777, 784, 345 A.2d 5 (1974); while the purpose of property division is to unscramble the ownership of property, giving to each spouse what is equitably his. Beede v. Beede,186 Conn. 191, 195, 440 A.2d 283 (1982)." Weiman v. Weiman,188 Conn. 232, 234; Sweet v. Sweet, 190 Conn. 657, 660.
From the evidence and applying the relative legal principles involved, the court; finds that the following orders should enter:
1. The marriage of the parties be dissolved on the grounds of irretrievable breakdown.
2. Pursuant to General Statutes Sec. 46b-66a, the plaintiff shall convey to the defendant his interest in the premises located at 149 Salmon Kill Road, Salisbury, Connecticut, together with the contents thereof, subject only to any mortgage on said premises which the defendant wife shall assume and pay, indemnifying and saving the plaintiff harmless therefrom, and subject to number 9. below.
3. The real estate located at 466 Newbury Street, Danvers, Massachusetts shall remain the sole property of the defendant.
4. The plaintiff shall own the Trumbull jewelry store and the defendant shall own the New Jersey jewelry store. Neither party shall remove any jewelry, stock, showcases, etc. from the stores and shall leave the stores intact for the other person.
5. The plaintiff shall transfer the 1986 Cadillac to the defendant, subject to any loan which the defendant shall assume and pay and hold the plaintiff harmless.
6. The 1982 Corvette shall be transferred to the defendant subject to any loan which the defendant shall assume and pay and hold the plaintiff harmless.
7. The plaintiff shall pay all credit cards, except First Card and Citibank. CT Page 988
8. The sailboat shall be the sole property of the plaintiff who shall be responsible for any costs of storage, etc. and for deficiency on the loan.
9. The plaintiff shall have the following items from the house: his father's desk, his tools, antique breadmaker, stereo, 33 rpm records, Schriber horse print, David Winter collection, his mother's old china, his Christmas Village collection.
10. one dollar a year alimony is awarded to each pa pa party modifiable only as necessary to protect the plaintiff on orders 5. and 6. and the defendant on orders 7. and 8.
11. Each party shall be responsible for his of her own counsel fees.
PICKETT, J.