[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Sonya P. Schultz, whose maiden name was Sonya Plant, age 46, and the defendant, Burckhard v. Schultz, age 45, were married at New Milford, Connecticut on July 18, 1981. This is the second marriage for each party and there are no minor children issue of this union.
The cause of the breakdown of the marriage rests primarily with the defendant. Until December 1988, the wife considered the marriage a good one. There was no physical or verbal abuse and the plaintiff felt the parties were happy together in spite of the fact that the defendant, a sea captain spent considerable time away from his wife — four months at sea and four months at home. In December 1988, the defendant's treatment of his wife underwent a drastic change as he became distant, cold and uncommunicative.
On March 13, 1989, the defendant appeared in this court on an unrelated support petition concerning his child by a former marriage. He CT Page 1140 was not pleased with the outcome, although it was no fault of this plaintiff.
Later that day he gave his wife birthday presents at a family gathering and as far as the plaintiff knew the defendant gave no inkling of what was to ensue the next day. Mrs. Schultz left home where her husband was cutting wood at about 11:00 a.m. and returned at 3:00 p. m. She found on her bed pillow a note which stated in part, "I wish that I could say that you had done something wrong. Things would be much easier, if that is possible. As it stands at the moment, you have never been anything but a very devoted and loving wife. So I do apologize (if that can be possible) for the torment that I must be putting you through . . . To ease your worries a bit I have not bothered our savings account, checking, et cetera. I do not have any desire to hurt you or Stef. moore than necessary. So all the money is in fact still in the bank. . . . Please do not go out to the west coast to come talk to me. It will not be of any benefit to either of us. I need time to be by myself. So please do not pressure me."
The receipt of this note devastated the plaintiff causing her to become hysterical. She found that the defendant had taken his clothes, tools, stereo and papers. He has not returned to live at home. The defendant is now busy with another woman in the State of Washington. From the evidence, it is apparent that this relationship predated March of 1989.
The defendant earns $203.85 with a net of $138.25 as a teaching assistant at the Montessori School in Washington, Connecticut. In addition she has trust income of $384.62 per week, her father's social security of $69.77 — a gift from her mother as well as an additional gift of $192.31 per week for her daughter's education. She has real estate located at 20 Little Bear Hill Road, New Milford on land given by her mother valued at $325,000.00 with a mortgage of $43,000.00 and a fourteen acre lot jointly owned with the defendant adjoining the above property valued at $50,000.00. In addition, the plaintiff has a money market account of $8,000.00, checking of $3,325.00 and a First National Bank account of $1,653.00.
In addition to a one-half interest in the fourteen acre piece, the defendant owns a one half interest in real estate at 6220 Oak Bay Road, Port Ludlow, Washington valued at $34,250.00 with a $16,600.00 mortgage. His weekly income is $1,449.00 with a net of $1,005.00.
"In determining whether to award alimony, the court `shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and [any property] award . . . pursuant to section 46b-81. . . .' General Statutes Sec. 46b-82. In assigning property when dissolving a marriage, the court, in addition to the criteria listed CT Page 1141 in Sec. 46b-82 must consider the liabilities of the parties and `the opportunity of each for future acquisition of capital assets and income.' General Statutes 46b-81(c).
"The court is not obligated to make express findings on each of these statutory criteria. Dubicki v. Dubicki, 186 Conn. 709, 716,443 A.2d 1268 (1982); Posada v. Posada, 179 Conn. 568, 573, 427 A.2d 406
(1980). The purpose of alimony is to meet one's continuing duty to support; Wood v. Wood, 165 Conn. 777, 784, 345 A.2d 5 (1974); while the purpose of property division is to unscramble the ownership of property, giving to each spouse what is equitably his. Beede v. Beede, 186 Conn. 191, 195,440 A.2d 283 (1982)." Weiman v. Weiman, 188 Conn. 232, 234; Sweet v. Sweet, 190 Conn. 657, 660.
From the evidence and applying the relative legal principles involved, the court finds that the following orders should enter:
1. The marriage of the parties be dissolved on the grounds of irretrievable breakdown.
2. The plaintiff wife shall retain the marital home and the thirty-two acre parcel of land which she inherited from her mother free and clear of any claims by the defendant husband; subject to the existing mortgage in the approximate amount of Forty three thousand ($43,000) dollars and hold the defendant husband harmless and indemnify him from any responsibility related to said obligation.
3. The plaintiff wife shall convey to the defendant husband the fourteen (14) acre parcel of land that is contiguous to the above mentioned thirty-two acre parcel. Said parcel is described on a map prepared for Charles A. Lehn, Route 202, Northville District, Town of New Milford, County of Litchfield, State of Connecticut, and recorded in the New Milford Land Records, as Map #912.
4. That the defendant husband shall pay to the plaintiff wife as periodic alimony the sum of Two Hundred Fifty ($250.00) Dollars per week for a period of five years and One Dollar ($1.00) per year for a period of five years thereafter. Said alimony shall terminate upon the death of either party or the wife's remarriage.
5. All personal property in the marital home shall be the sole possession of the plaintiff wife except for the following items:
One master bedroom suite; roll top desk, table and four chairs, table and four lounge chairs; three nautical sketches; ship's wheel; barometer/clock; various LP's; wood splitter; portable generator; various tools; cement mixer; lawn tractor; radial arm saw; Peter's stereo.
Judgment shall enter accordingly. CT Page 1142
PICKETT, J.