[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, David A. D'Amore, age 45 and the defendant, Marilyn R. D'Amore, age 43, whose maiden name was Marilyn R. Rourke were married on September 2, 1967 at Simsbury, Connecticut. There are two minor children issue of the marriage, David Anthony D'Amore, born April 16, 1974 and Marc John D'Amore, born March 24, 1980. The parties have stipulated that the marriage has broken down irretrievably.
From the evidence, the court finds that the marriage was a relatively stable one until 1987 or 1988 when the plaintiff became involved with a woman employed in his insurance and real estate agency, The D'Amore Agency, Ltd. This relationship has continued to the time of trial with the exception of a period of time when the parties were attempting a reconciliation. Mr. D'Amore believes that his relationship with his wife was not close and that they didn't engage in activities together. Mrs. D'Amore feels that her relationship with her husband was at least satisfactory until his involvement with another woman. Subsequent to that time, the plaintiff CT Page 483 began to drink heavily, but not so as to affect his daily work routine. The parties engaged in counselling but it was not successful and they separated in November 1989 when the plaintiff moved into a separate residence.
Mr. D'Amore is a college graduate and for some time has been engaged in an insurance and real estate business with his brother. Presently he earns $50,000.00 per year but in the past he made more money from a real estate partnership with his brother and a third party. In 1985 his total adjusted income was $67,646.00; 1986, $137,537.00; 1987 $132,820.00; 1988, $42,252.00 and 1989, $31,145.00. At the present time, Mrs. D'Amore works parttime earning $152.63 per week with a net of $126.95. She is attending college and hopes to receive her degree in two years and thereby enhance her earning capacity.
The parties are joint owners of the family home located at 48 Maillet Lane, New Hartford, Connecticut, valued at $170,000.00 subject to two mortgages, a first mortgage of $32,659.26 and a home equity loan of $69,325.26. In addition, Mr. D'Amore has equity in various other properties as follows:

Property Value Mortgage Equity Percent
Cape Cod $175,000.00 $100,000.00 $75,000.00 (1/2) $37,500.00
532 Main Street 305,000.00 260,000.00 45,000.00 (1/2) 22,500.00
Winsted, CT.
84 South Main Street, Winsted, 166,000.00 86,000.00 80,000.00 (1/2) 40,000.00
Lot in New Hartford,
CT 75,000.00 4,400.00 70,680.00 (1/2) 35,340.00
98 Stanton Ave.
Winsted, CT. 130,000.00 116,000.00
 Equity Loan 4,880.00 9,120.00 (1/2) 4,560.00
53 Birdsall Winsted, CT. 140,000.00 185,000.00 (-45,000.00) (1/3) (-15,000.00)
Property Value Mortgage Equity Percent
1 Prospect Street
Winsted, CT 105,000.00 75,000.00 30,000.00 (1/3) 10,000.00
Greenwoods Road
Winsted, CT. 185,000.00 180,000.00 5,000.00 (1/3) 1,666.00
76 South Main
CT Page 484
Winsted, CT 60,000.00 42,500.00 17,500.00 (1/3) 5,833.00
30 South Main
Winsted, CT. 75,000.00 70,000.00 5,000.00 (1/3) 1,666.00
Highland Lake SOLD 8,600.00
Winsted, CT.

"In determining whether to award alimony, the court `shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and [any property] award. . . pursuant to section46b-81 . . . .' General Statutes Sec. 46b-82. In assigning property when dissolving a marriage, the court, in addition to the criteria listed in Sec.46b-82 must consider the liabilities of the parties and `the opportunity to each for future acquisition of capital assets and income.' General Statutes46b-81(c).
"The court is not obligated to make express findings on each of these statutory criteria. Dubicki v. Dubicki, 186 Conn. 709, 716,443 A.2d 1268 (1982); Posada v. Posada, 179 Conn. 578, 573, 427 A.2d 406
(1980). The purpose of alimony is to meet one's continuing duty to support; Wood v. Wood, 165 Conn. 777, 784, 345 A.2d 5 (1974); while the purpose of property division is to unscramble the ownership of property, giving to each spouse what is equitably his. Beede v. Beede, 186 Conn. 191, 195,440 A.2d 283 (1982)." Weiman v. Weiman, 188 Conn. 232, 234; Sweet v. Sweet,190 Conn. 657, 660.
From the evidence and applying the relative legal principles involved, the court finds that the following orders should enter:
1. The marriage of the parties be dissolved on the grounds of irretrievable breakdown.
2. The plaintiff shall pay to the defendant alimony in the amount of $200.00 per week until December 31, 1993, thereafter $125.00 per week until December 31, 1996 and thereafter $1.00 per year until the death of either party, the defendant's remarriage, her cohabitation as defended by General Statutes 46b-86 (b). After December 31, 1996, the alimony award may be modified only by reason of the defendant's established disability from employment or the failure to satisfy the financial obligations ordered herein.
3. Custody of the minor child, Marc John D'Amore, shall be joint with physical custody awarded to the defendant subject to reasonable, liberal and flexible visitation to the plaintiff.
4. The plaintiff shall pay to the defendant $175.00 per week as support for Marc John D'Amore. CT Page 485
5. Custody of the minor child David Anthony D'Amore, Jr., shall be joint with physical custody awarded to the plaintiff subject to reasonable, liberal and flexible visitation to the defendant.
6. The plaintiff shall maintain in full force and effect Blue Cross and major medical health insurance policies or their equivalent for the benefit of the defendant wife for a period of twenty-four (24) months. The parties shall cooperate in connection with the signing of documents and making of claims required in order to obtain recovery under the provisions of such Blue Cross and major medical health insurance policies as requires by General Statute 46b-84 (c). If the defendant obtains a job where she would receive medical insurance as an incident of employment within that two year period, then the plaintiff shall be relieved of the responsibility of covering the defendant.
In addition the plaintiff husband shall maintain in full force and effect his present medical, major medical, prescription drug and dental coverages or equivalent for the children.
7. The plaintiff shall pay seventy-five (75%) percent of all unreimbursed medical, dental, optical, prescriptive, psychological, psychiatric and orthodontic expenses for the minor children and the defendant shall pay twenty-five (25%) percent. No orthodontic expenses shall be incurred without the consent of both parties, but neither party shall unreasonably withhold said consent.
8. The plaintiff shall transfer to the wife his one-half interest in and to the marital residence located at 48 Maillet Lane in New Hartford, Connecticut. The defendant shall hold the husband harmless from the first mortgage held by Winsted Savings Bank in the approximate amount of thirty-two thousand, six hundred fifty-nine and 26/100 ($32,659.26) dollars. A home equity line loan also secured by the marital residence and held by Northwest Bank for Savings in the approximate amount of sixty-nine thousand, three hundred twenty five and 35/100 ($69,325.35) Dollars shall be the sole responsibility of the plaintiff who shall hold the defendant harmless on said loan. The plaintiff shall pay within ninety days back taxes owed to the town of New Hartford on the above property as well as any outstanding late mortgage payment.
9. The defendant wife shall have as her own all of the furniture, appliances, antiques, etcetera currently located in the marital residence. The plaintiff husband shall retain as his own the seventeen foot boat and canoe.
10. The defendant wife shall have as her own the 1984 Pontiac and the plaintiff husband shall have as his own the 1974 Dodge Dart. The plaintiff shall be responsible for the repair bill for the 1984 Pontiac automobile in the approximate amount of $2,100.00. CT Page 486
11. The plaintiff shall carry two hundred thousand ($200,000) dollars of life insurance to be designated as follows: one hundred thousand ($100,000) dollars for the benefit of the defendant for a period of six (6) years and a second policy in the amount of fifty thousand dollars ($50,000.00) to be split equally between the two minor children. Said policy to be maintained until the youngest child reaches the age of 18.
12. The plaintiff and the defendant shall split equally the CD jointly held at Northwest Bank for Savings in the approximate amount of $11,220.00 and the joint savings account held at Fleet Bank in the approximate amount of $65.00.
13. The plaintiff's undivided one-half interest in and to a lot located in New Hartford, Connecticut with an approximate value of $75,000.00 and subject to a mortgage in the approximate amount of $4,400.00 shall be conveyed to the defendant. The plaintiff shall hold the defendant harmless on said mortgage and pay any sums due as they accrue.
Pickett, J.