[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ALIMONY PENDENTE LITE
The plaintiff husband has filed a motion for alimony pendent lite. The parties were married on July 4, 1965. This action was commenced on July 23, 1998, by service of the summons and complaint upon defendant's counsel who was authorized to accept service on behalf of the defendant. On September 28, the plaintiff filed this motion.
The parties separated in November, 1997, the plaintiff moving out of the family home. Plaintiff provided no financial support for the defendant, but did contribute one-half of the mortgage payments for a period of two months. The defendant, no longer able to carry the mortgage payments, moved out of the family home in June, 1998. While there is an equity of $21,500 based upon the defendant's financial affidavit, the parties seem content to let there be a foreclosure proceeding.
There are two children issue of the marriage, a son age 28 and a daughter age 26. Neither of the children are living at home with either the father or the mother.
Both parties are 55 years old and in apparent good health. The plaintiff was employed by Hagstrom selling maps to gasoline stations and convenience stores. Two years ago he was fired by Hagstrom, and he then started his own business, Maps and More. Essentially, this is a continuation of what he was doing with Hagstrom, selling maps and gadgets to gasoline stations and convenience stores. Since he has been operating that business only two years, he says it is new and the business is still "getting started." He reports weekly net earnings of $189.88 and earnings of $152.00 after income and self-employment taxes. He also serves in the Coast Guard Reserve and nets $53.00 per week. He runs a business called American Marine Training to teach CT Page 12125 boaters the requirements to obtain their captain's license which nets $55.00 per week. He reports net total income of $261.00 per week and total weekly expenses of $310.00, a short fall, then, of $50.00 per week. While he has not done so for the past four or five months, he also worked for O'Donnell's in Monroe as a limousine driver earning $100.00 to $200.00 per day plus tips.
The defendant is employed as a training coordinator at Phillips Medical. She earns $31,000 per year. She reports a net monthly wage of $1,930. She has worked for Phillips Medical for ten years. She is also employed at Filene's, where she has worked for five years as a makeup artist, earning a net monthly wage of $637.00. In all, she works sixty hours per week.
The plaintiff claims that he is working 50 to 60 hours per week and needs financial assistance from the defendant.
Plaintiff's motion is filed pursuant to the provisions of § 46b-83 of the General Statutes. In determining whether or not there should be an order of alimony, the court must consider the factors of § 46b-82 of the General Statutes, except the grounds for the complaint.
As has been said by our Supreme Court in numerous cases:
 "To begin with, our alimony statute does not recognize an absolute right to alimony. General Statutes § 46b-82; Thomas v. Thomas, 159 Conn. 477, 486, 271 A.2d 62 (1970). `This court has reiterated time and again that awards of financial settlements, ancillary to a marital dissolution rest in the sound discretion of the trial court.'" Posada v. Posada, 179 Conn. 568, 572; 427 A.2d 406 (1980).
Valante v. Valante, 280 Conn. 528, 530 (1980).
The purpose of an order pendente lite is to preserve the status quo. It has been noted that the plaintiff moved out of the family home in November, 1997. He left a note for the defendant, simply saying "good-by." He has neither sought support from the defendant nor provided support to her since that date. The status quo is preserved by leaving the financial circumstances exactly as they have been. It is clear that the plaintiff can make up his shortfall by some limousine driving or a little harder work in "Maps and More." CT Page 12126
The motion for alimony pendente lite is denied.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE