In re David James NEWTON, Debtor.

David James Newton, Plaintiff,

v.

Candace Raymond aka Candace Newton, Defendant.

Bankruptcy Nos. 98–51704.
Adversary No. 98–5088.

United States Bankruptcy Court,
D. Connecticut.

Feb. 15, 1999.

Ira B. Charmoy, John J. Convertito, The Law Offices of Ira B. Charmoy, LLC, Fairfield, Connecticut, for plaintiff David James Newton.

Richard L. Albrecht, David A. Ball, Cohen & Wolf, Bridgeport, Connecticut, for defendant Candace Raymond.

## MEMORANDUM AND ORDER

ALAN H.W. SHIFF, Chief Judge.

The plaintiff, David Newton, seeks a determination that a debt created by the May 17, 1995 judgment of the Superior Court of the State of Connecticut is dischargeable.

For the reasons that follow, judgment shall enter in favor of the defendant.

## BACKGROUND

On May 17, 1995, the Connecticut Superior Court entered a judgment (the "decree") in *Candace R. Newton vs. David J. Newton* (No. FA 92 029263S) *Joint Ex. 1,* which in relevant part provided:

> [David Newton] shall pay to [Candace Raymond] lump sum alimony in the amount of One Hundred Fifty Thousand ($150,000.00) Dollars. Said sum shall be payable on June 1, 1998, in installments in the amount of Fifty Thousand ($50,000.00) Dollars upon each successive first of June until fully paid. Said payments shall not be considered periodic alimony for tax purposes but shall be considered as *support and maintenance* for [Candace Raymond] and as lump sum alimony pursuant to *§ 46b–82 of the General Statutes.*

*Id.* at ¶ 3 (emphasis added).

On September 2, 1998, David Newton filed the chapter 7 petition which commenced this case. On September 24, 1998, he filed the instant adversary proceeding, seeking a determination that the debt created by paragraph 3 of the decree, *id.,* is dischargeable because it is a division of property. *Complaint at* ¶¶ *4 and 5.* The narrow issue here is whether the debt created by paragraph 3 of the decree is nondischargeable under § 523(a)(5) [1].

## DISCUSSION

### I

■ The validity and amount of a debt created by a state court divorce decree is within the domain of the state court. The dischargeability of that debt is determined under bankruptcy law.[2] *See Tavella v. Edwards (In re Edwards),* 172 B.R. 505, 511 (Bankr.D.Conn.1994). Thus, there is a two part analysis. First, it must be determined what the state court ordered. It must then be determined whether the debt created by that order fits within the § 523(a)(5) definition of nondischargeable debts.

■ As this court stated in *Edwards,*

> It is well settled that the bankruptcy court has "no jurisdiction over divorce or alimony allowances." *Pauley v. Spong (In re Spong),* 661 F.2d 6, 9 (2nd Cir.1981). This court was never intended to render or modify judgments awarding alimony or dividing marital assets, or to serve as an appellate court to review the propriety of such judgments. Thus, . . . my task is not to determine whether the plaintiff needed alimony at the time of the dissolution, but rather to determine whether the state court intended to create a debt that was actually in the nature of alimony, i.e. necessary for the plaintiff's support. If that intention is clear from the state court's decree, I need go no further in the determination of whether that debt is nondischargeable. If it is not, I must look beyond the four corners of the decree to the evidence before that court to determine whether it made such an award.

*Id.* at 508.

The decree specifically stated that the $150,000 debt was "support and maintenance" for Candace Raymond. That language alone would have been enough for the conclusion that paragraph 3 of the decree

---

1. David Newton's September 24, 1998 complaint alleged "Said [$150,000 lump sum alimony] was in the nature of a property settlement and is dischargeable pursuant to 11 U.S.C. § 523(a)(15)." *Complaint* ¶ 5, *see also* ¶ 4. Candace Raymond's October 29, 1998 answer included a Third Affirmative Defense: "The debt owed to [her] is non-dischargeable under Bankruptcy Code § 523(a)(5) because it constitutes alimony, maintenance and support in connection with a divorce decree." *Answer* at 2. During a pretrial hearing, the parties agreed that the issue under § 523(a)(5) would be tried first and that David Newton would have the burden of proof

on that issue. At the commencement of this trial, both parties reaffirmed those statements.

2. Code § 523(a)(5), provides in relevant part:
   (a) A discharge . . . does not discharge an individual debtor from any debt—
   (5) to a spouse . . . of the debtor, for alimony to, maintenance for, or support of such spouse . . . in connection with a . . . divorce decree . . . but not to the extent that—
   (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

was intended to be alimony, but the court went further to state that the "lump sum alimony" was ordered under " § 46b–82 of the General Statutes," *see supra* at 1, which is the alimony section of Connecticut's family law. Again, as noted in *Edwards,*

> The Connecticut Supreme Court has consistently held that a property division award and an alimony award can be distinguished by the purpose which they serve. In construing § 46b–82, the court has held:
>> The purpose of alimony is to meet one's continuing duty to support; *Wood v. Wood,* 165 Conn. 777, 784, 345 A.2d 5 (1974); while the purpose of property division is to unscramble the ownership of property, giving to each spouse what is equitably his.

*Id.* at 514.

It is therefore determined that the state court clearly intended to award $150,000 to Candace Raymond as lump sum alimony for her support, and therefore the debt is " actually in the nature of alimony." *See* § 523(a)(5)(B).

## II

Even assuming that it would be appropriate to look beyond the four corners of the decree, the result would not change. Parenthetically, it is observed that "even when the decree is ambiguous, it is still entitled to considerable respect as the seminal document in the creation of the subject debt." *Edwards,* 172 B.R. at 512.

Paragraph 4 of David Newton's complaint alleges that "[t]he [decree] awarded [Candace Raymond] $150,000 as lump sum alimony based upon the findings that [her] mother loaned [him] said sum, it was part of [her] inheritance and that [he] was to pay said sum back to [her]" ... as a "property settlement." *Complaint ¶¶ 4 and 5.* The flaw in that allegation is that even if the court awarded Candace Raymond lump sum alimony because David Newton had dissipated her inheritance, although the decree does not say so and she has denied that allegation, that might be a reason the money was intended for her support. However, this court cannot consider whether or not support was needed, because as noted, the only issue here is whether the state court intended to order it. *Id.* at 508, 512.

Perhaps the most compelling basis for concluding that a search beyond the text of the judgment would not support David Newton's claim that the intent of the state court was to effect a property settlement is the subsequent statement of that court. At a contempt hearing prompted by David Newton's failure to pay the lump sum alimony as ordered, the court stated "[i]t was the Court's intent that such sum would be lump sum alimony and would not be dischargeable in bankruptcy." *Transcript of State Court hearing on September 8, 1998 at 3, Plaintiff's Exhibit B.* Notwithstanding the limited scope of this court's inquiry, the instant adversary proceeding was filed sixteen days after that state court hearing in an apparent effort to get a second opinion from this court that the state court did not mean what it said. It did.

The lump sum alimony award of $150,000 is actually in the nature of alimony, that debt is nondischargeable, judgment shall enter in favor of the defendant, and

IT IS SO ORDERED.