LEONA B. SMITH *v.* F. GORDON SMITH

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued October 13—decision released November 17, 1981

*Robert M. Davidson,* with whom was *Donald G. Field,* for the appellant (plaintiff).

*Philip R. McKnight,* with whom, on the brief, was *Arthur R. Ivey,* for the appellee (defendant).

PER CURIAM. On April 22, 1980, *Hon. William L. Tierney, Jr.,* state referee, dissolved the marriage between the parties. The referee awarded no alimony and ordered that the plaintiff retain full title to her home in Greenwich. The referee also ordered that the defendant pay any federal income tax deficiency found for the years 1973–1977 and that he hold the plaintiff harmless and indemnify her against any liability for such tax. The plaintiff appeals from two further orders entered by the referee: (1) that she reimburse the defendant $17,000 for home improvements and (2) that the 1977 income tax refund of $16,107.50 be divided equally and distributed to the parties.

The plaintiff claims that the referee's findings of fact do not support the $17,000 award which in her view was made contrary to the standards set forth

in General Statutes §§ 46b-81[1] and 46b-82.[2]  She contends that an assignment of property, like an award of alimony, must be based upon a duty to support. The plaintiff argues that the order to pay $17,000 was made without authority because the referee did not find that the plaintiff owed a duty of support to the defendant.

[1] "[General Statutes] Sec. 46b-81.   (Formerly Sec. 46-51). ASSIGNMENT OF PROPERTY AND TRANSFER OF TITLE.   (a) At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other.   The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect. . . .

"(c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

[2] "[General Statutes] Sec. 46b-82.   (Formerly Sec. 46-52). ALIMONY. At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable.  In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

It is not necessary to recount here the history of General Statutes §§ 46b-81 and 46b-82 which we have discussed previously. See, e.g., *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 581–83, 362 A.2d 835 (1975). It is sufficient to note that although both statutes set forth most of the same factors for the court to consider in determining the amount to be ordered, § 46b-81 provides a distinguishing feature: "At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. . . . The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates." The statute does not require that the court find a duty of spousal support before it can equitably divide the assets of the parties. Compare *Fucci* v. *Fucci,* 179 Conn. 174, 176–83, 425 A.2d 592 (1979) (property division without alimony award) with *Hotkowski* v. *Hotkowski,* 165 Conn. 167, 170, 328 A.2d 674 (1973) (award of periodic alimony based on continuing duty to support).

The $17,000 reimbursement is governed solely by General Statutes § 46b-81. See *Fucci* v. *Fucci,* supra. The court is not required to assign the residence to one party or the other, but may fashion suitable, equitable relief to fit the circumstances, including an order that the plaintiff reimburse the defendant for funds expended on improvements to the plaintiff's home. See *Pasquariello* v. *Pasquariello,* supra.

It is the sole province of the trial court to weigh and interpret the evidence before it and to pass upon the credibility of witnesses. *Jacobsen* v.

*Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979). There was sufficient evidence before the referee to find that the defendant contributed $17,000 worth of improvements to the plaintiff's home. The referee's decision was well grounded.

In addition, the plaintiff claims that the referee abused his discretion on the matter of the tax refund. The plaintiff does not dispute the equal division ordered but seeks a deferral of distribution to the defendant. It is her opinion that in a pending contest with the Internal Revenue Service, a joint liability may be assessed if a deficiency is found. Despite the referee's order imposing the responsibility for payment solely upon the defendant in such a contingency, the plaintiff believes it possible that the Internal Revenue Service may require her to pay the entire deficiency. Therefore, she assigns as error the failure of the referee to order that the tax refund be retained in escrow pending the tax investigation to assure that the defendant will have the funds for payment should the deficiency be assessed.

Judicial review of an alleged abuse of discretion centers on the question of whether the court could reasonably have concluded as it did. *Fucci* v. *Fucci,* supra, 182–83. The referee took into consideration the fact that joint tax liability may eventually be assessed on the contested deductions taken during the years 1973–1977. He ordered that in such a contingency, the defendant be liable for it and hold the plaintiff harmless. We cannot say that it was unreasonable for him not to do more in view of the unresolved nature of that issue and the financial status of the defendant.

There is no error.