[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in Trumbull, Connecticut on June 9, 1984, and have been residents of the State of Connecticut for more than twelve months next preceding the date of the filing of this complaint. There are two minor children issue of this marriage, Thomas, age 11 and Kristin, age 8.
The plaintiff wife, age 36, is presently in good health. She is a high school graduate and has also completed two years at Housatonic Community College. This is her second marriage and she has recently returned to work as a medical secretary for a Westport Ob/Gyn group and earns a gross weekly salary of $520.00 with a net weekly wage of $391.00. She presently lives at the home of her parents with the two children issue of the marriage. Prior to this marriage the plaintiff wife was employed by Able Manufacturing and Fabricating Company as office manager for approximately $200.00 weekly.
The wife relates that in 1995 after the death of his sister her husband's religious beliefs suddenly changed. He began to receive literature from a religious group preaching the world was coming to an end. She urged him to go to marriage counseling land/or to meet with their priest but he refused. She further relates that her husband started coming home at 3 to 4 a.m. and that he also went away on weekends. She stated that he was either at work or playing softball but that he was never at home. The wife further testified that her mother, Marie Gregorich, made a $15,000.00 loan to the couple so that they could pay off their joint credit card debts in November of 1994.
Marie Gregorich, the wife's mother, testified that she did in fact withdraw $15,000 from her bank account and gave it to her daughter and son-in-law to pay off their debts and avoid bankruptcy. She testified that both parties assured her not to worry, we will pay you back.
The plaintiff's financial affidavit reflects a gross weekly income of $520.00 with a net income of $391.00. She lists weekly expenses of $826.00 including $150.00 projected rental payments which she is not presently paying as she is living with her parents. She further lists liabilities of $30,250.00 which CT Page 8083 includes debts of $10,000 to Sallie Mae, a $15,000 debt to her mother Marie Gregorich, $750.00 to MBNA and $4,500.00 in attorney's fees.
The defendant husband, age 38, is a former Fairfield police officer and a college graduate. He is presently an assistant manager of an A P/Waldbaums food store where he has been employed for eight years. He is in good health with no apparent medical problems. This is his first marriage and he explained that his late hours were caused by the fact that the food store closes at 10 p. m. and it is his responsibility to stock, clean and prepare the store for the next day's business. However, he does deny coming home at 4 a.m. and claims he only plays ball one night a week. He attributes the marriage breakdown primarily to the couple's financial problems. He also related that he felt traumatized by his sister's death in 1995 and was upset by his wife's reaction to it. He claims he never requested the $15,000 loan from his wife's mother and never saw the check.
The defendant's financial affidavit reflects a gross weekly salary of $902.00 with a net weekly income of $630.00. He lists $693.00 in expenses which include $216.00 in child support and $100.00 in alimony. He lists $3,568.00 in liabilities and shows assets of $1,000.00 in a 1987 Chevrolet. He also has an estimated $11,000.00 in an A P retirement program.
The court has fully considered the credibility of all of the witnesses who took the stand and testified in this matter. It has observed their appearance, attitude, demeanor and testimony upon direct and upon cross-examination, and has considered the interest, if any, they have in the outcome of this case. It has also considered all of the exhibits presented.
The evidence presented established that the marriage has irretrievably broken down and that the court has jurisdiction.
With respect to alimony and a division of the property of the parties, the law and elements thereof to be considered are stated in §§ 46b-81 and 46b-82 of the Connecticut General Statutes and are interpreted as follows:
"To begin with, our alimony statute does not recognize an absolute right to alimony. General Statutes § 46b-82. Thomasv. Thomas, 159 Conn. 477, 486 (1970) `This court has reiterated time and again that awards of financial settlements ancillary to CT Page 8084 a marital dissolution, rest in the sound discretion of the trial court.' Posada v. Posada, 179 Conn. 568, 572 (1980).
Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets, and opportunity for future acquisition of assets of each of the parties, Fucci v. Fucci, 179 Conn. 174, 179
(1979), no single criterion is preferred over all the others. In weighing the factors in a given case the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight." Valente v. Valente, 180 Conn. 528, 530-531
(1980).
Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366,368 (1981), this court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria. (§§ 46b-82 and 46b-81 (c))" Weiman v.Weiman, 188 Conn. 232, 234 (1982).
"The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." Ehrenkranz v. Ehrenkranz,2 Conn. App. 416, 424 (1984).
The court has carefully considered all of the criteria and requirements set forth in Connecticut General Statutes §§46b-56, 46b-61, 46b-81, 46b-82 and 46b-84, as well as all other relevant statutes, the cases dealing with the subject and all of the evidence presented in this particular case in reaching the decisions reflected in the following orders.
1. A decree of dissolution of marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. The parties have entered a custody and visitation agreement dated May 21, 1997 which the court finds to be fair and equitable approves same and incorporates it by reference in this judgment of dissolution. CT Page 8085
3. The court orders the defendant father to pay plaintiff mother $216.00 per week in child support which is in accordance with the Connecticut Child Support Guidelines. Payment shall be secured by a contingent wage withholding order.
4. The value of the husband's pension shall be calculated as of the date of dissolution and shall be divided equally between the parties.
5. The husband shall provide medical and dental insurance as available through his place of employment for the benefit of the minor children. The parties shall share equally in the cost of any and all unreimbursed and/or uncovered medical and/or dental expenses. Medical and dental expenses shall include orthodontic, psychological, counseling, therapeutic, eye care, and other expenses related to medical and dental needs.
6. The husband shall provide life insurance for the benefit of the minor children. The defendant shall carry a policy of no less than One Hundred Thousand ($100,000.00) Dollars face amount, which policy may be a term policy and in which the two minor children shall be designated equal irrevocable beneficiaries. The husband shall provide proof of coverage on an annual basis to the plaintiff upon request. The husband shall further designate the children as beneficiaries until each child graduates from high school or reaches the age of nineteen whichever shall occur first.
7. The wife shall retain her 1993 Toyota vehicle and shall be responsible for the lease payments. The husband shall retain his 1987 Chevrolet Celebrity.
8. Each party shall pay their own attorney's fees.
9. Each party shall be solely responsible for the liabilities as listed on their respective Financial Affidavits with the following exceptions.
 a. Husband shall be solely responsible for the $750.00 MBNA credit card debt listed by both parties.
b. Each party shall be responsible for CT Page 8086 one-half, or $7500, of the Marie Gregorich loan of November, 1994, which was used to pay joint debts of the parties.
10. The parties may file individual Income Tax Returns for the 1996 Tax year as there was no agreement to file a joint return.
11. The wife shall retain the tax deduction for the youngest minor child and the husband shall be allowed to claim the older child.
12. The husband shall pay the wife any arrearage on the pendente lite alimony and support awards.
13. The husband shall pay the wife periodic alimony in the sum of $45.00 per week. Payment shall be secured by a contingent wage withholding order. The payment of said alimony shall terminate upon the first of the following events to occur: when the youngest child reaches the age of eighteen or becomes emancipated; the death of either plaintiff or the defendant; the plaintiff's remarriage or cohabitation as provided by law. The court enters this order and all prior orders based upon a consideration of all the criteria set forth in § 46b-81, § 46b-82 and § 46b-84. This order is also made for rehabilitative purposes and to provide an incentive to the wife to procure training and skills necessary to attain self-sufficiency.
Orders shall enter in accordance with the foregoing Plaintiff's counsel shall prepare the judgment file.
BALLEN, JUDGE
FA-96-0337478S
Heidi Hughes Superior Court v J D of Fairfield Thomas Hughes at Bridgeport May 21, 1997
Custody Visitation Agreement
1. There shall be joint legal custody of the minor children; CT Page 8087 provided however, the children shall have their primary residence with the mother.
2. The visitation rights of the father are as follows, provided however, they shall be subject to the following: (a) father is to supervise completion of all homework assignments, (b) father is to allow mother's participation in the children's violin lessons as per their custom and (c) father is to allow mother's participation in children's tutoring.
(1) Every other weekend from Saturday at 9 A.M. to Sunday at 6 P.M. commencing 5/31/97. Summer vacation will be extended to 8 P.M. or 9 P.M. on Sundays.
(2) Every Wednesday from after Brownies (approx. 4:00 P.M.) until 7 P.M.; subject to being flexible if father has to work. During summer vacation, the hours will be extended to 9 A.M. to 8 P.M.
(3) 1 week during the summer to be selected 3 months in advance by agreement.
(4) Holidays to be alternated each year;
1. New Years Eve
2. New Years Day
3. Memorial Day
4. July 4th
5. Labor Day
6. Thanksgiving Day
Christmas Eves (all) are to be with wife.
Christmas Days (all) are to be with husband.
Father's Day Mother's Day with each respective party.
5. During Christmas School Vacation and Spring Vacation, father is to have 2 consecutive days after a weekend visitation to be added. CT Page 8088
6. If father would like to schedule a special trip for the children during April Spring Vacation, the parties will negotiate concerning said trip. The father has mentioned as an example, a Disneyland trip.
7. In the event that the father has one or two weeks with the children as visitation exclusively, then the mother shall have a corresponding one or two weeks with the children. The weeks, dates and times are to be discussed in advance and worked out between the parties. The parties shall each have at least one week during the summers.
8. The father agrees that it would be in the best interests of the children that their religion training be controlled by mother, and to further this goal the father will not discuss with the children any conflicting religions.
9. The father shall be consulted and involved in all decisions which affect the children, i.e., medical, dental and school.
10. Easter Sundays shall be with the mother, except father shall have the children from 1 P.M. to 6 P.M.