[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married at Bridgeport, Connecticut on August 24, 1996 and have been residents of the State of Connecticut for more than twelve months next preceding the date of the filing of this complaint. There are no minor children issue of this marriage.
The plaintiff husband, age 33, who appears pro se, is in good health with no stated medical problems. He was educated in Vietnam where he obtained a college degree and came to this Country in September of 1990. He is presently employed by the Bridgeport Board of Education and works from 8 a.m. to 2:10 p. m. five days a week. He is bi-lingual, and spends 3 days weekly at the Blackham School and two days at Bassick High School. He also is employed as an Optician by SVG Lithography Systems, Inc. and works there from 3 p. m. to 11 p. m. five days a week. This is his first marriage. The husband attributes the marriage breakdown primarily to financial problems. He states that his wife never loved him and in consort with her mother sent all of his money to their relatives in Vietnam. He further relates that the marriage only lasted for five months and two days during which time his wife left him on at least three or four occasions.
The husband's financial affidavit reflects a gross weekly salary of $473.31 from one job, $298 from a second job and rental income of $161.53, leaving him with making a total weekly net income of $799.48. He lists weekly expenses of $665.48 which includes mortgage payments, taxes and home owners' insurance. He further shows liabilities of $20,387, which is comprised of five credit card loans and an Internal Revenue Service debt, all with a weekly payment of $154. He lists assets of approximately $2400 in CT Page 11169 a parcel of Real Estate which he claims has four owners, $3000 equity in a 1987 Nissan automobile, $1000 in bank accounts and $2500 in a 401K plan, all of which he totals at $8,846.06.
The husband's claims for relief, although not formally presented, are that he feels his wife and/or her family should pay him one-half of the wedding expenses of $24,000, approximately $2500 of which the husband claims was sent to Vietnam for his wife's brother and also certain medical bills which he paid on behalf of the wife. He would like the wife to reimburse him for at least $2500 which he feels is owed to him as the wife married him, "just for his money."
The defendant wife, age 22, who testified through an interpreter, is also in apparent good health and this is her first marriage. She completed eleven years of schooling in Vietnam before coming to this country in "December 1995 for an education." She resided in a house in Bridgeport, Connecticut with her parents, the parents of her husband to be, his brothers, sisters and a total of approximately fourteen people. She and her family paid $650 monthly to her future husband and occupied two bedrooms out of the seven bedrooms contained in the house. She went to work about four months prior to this marriage at a laundry for a $185 weekly wage and then worked as a seamstress for $185 weekly for less than two years. She presently is employed as a machine operator at a New Haven printing business and earns $203 weekly. She speaks no english and related through the interpreter that shortly after the marriage "her husband pushed her to leave and treated her more like a slave and a stranger than a wife."
The defendant wife claimed her parents' gave her husband $3000.00 with which to open an account and pay their expenses; that each family paid approximately fifty percent of the wedding costs or $12,000, which she received as a loan from her uncle in California in 1996. She further stated that only a limited number of people from her side were at the wedding while the plaintiff husband had well over one-hundred of his family and friends in attendance. She currently lives with her family at 695 Laurel Avenue, Bridgeport and pays them rent. She concluded that she doesn't owe her husband any money at all, that she can live on the approximate $10,000 she currently earns per year and that she does not want any money or anything else from her husband. However, she does feel the husband owes her family approximately $1500 at this point. CT Page 11170
The defendant wife's financial affidavit reflects a gross weekly salary of $262.50 with a net weekly income of $202.97, she lives with her parents and claims to pay $40 weekly as rent. Her only liability is a $510 balance to Immigration and Refugee Services of America and her only listed asset is a diamond engagement ring which she values at $900.
The court has fully considered the credibility of both parties who testified in this matter. It has observed their appearance, attitude, demeanor and testimony upon direct and upon cross-examination, and has considered the interests they may have in the outcome of this case.
The evidence as presented established that the marriage has irretrievably broken down and the court has jurisdiction.
With respect to alimony and a division of the property of the parties, the law and elements thereof to be considered are stated in §§ 46b-81 and 46b-82 of the Connecticut General Statutes and are interpreted as follows:
"To begin with, our alimony statute does not recognize an absolute right to alimony. General Statutes § 46b-82. Thomas v.Thomas, 159 Conn. 477, 486 (1970). `This court has reiterated time and again that awards of financial settlements ancillary to a marital dissolution, rest in the sound discretion of the trial court.' Posada v. Posada, 179 Conn. 568, 572 (1980).
Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets, and opportunity for future acquisition of assets of each of the parties, Fucci v. Fucci, 179 Conn. 174, 179 (1979), no single criterion is preferred over all the others. In weighing the factors in a given case the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight." Valente v. Valente, 180 Conn. 528, 530-531 (1980);Watson v. Watson, 221 Conn. 698, 710 (1992).
Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366, 368
(1981), this court will not recount those statutory criteria and CT Page 11171 the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria. (§§ 46b-82 and 46b-81 (c))." Weiman v. Weiman,188 Conn. 232, 234 (1982).
The court has carefully considered all of the criteria and requirements set forth in Connecticut General Statutes §§ 46b-56,46b-61, 46b-81, 46b-82 and 46b-84, as well as all other relevant statutes, the cases dealing with the subject and all of the evidence presented in this particular case in reaching the decisions reflected in the following orders.
 1. A decree of dissolution of marriage shall enter on the grounds of irretrievable breakdown of the marriage.
 2. Each party shall be solely responsible for the liabilities as listed on their respective financial affidavits.
 3. Each party shall retain the assets as listed on their respective financial affidavits.
4. There shall be no alimony paid to either of the parties.
 5. Sec. 46b-62 provides" the court may order either spouse . . . to pay the reasonable attorney fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82." The court has fully considered the testimony of the parties, their respective Financial Affidavits, the reasonableness of the Attorney fees and the Statutory criteria set forth in 46b-62 and 46b-82 in making the following order.
The husband shall pay $600 toward the wife's attorneys fee. This amount shall be payable in six monthly payments of $100 each commencing no later than thirty days from date.
Orders shall enter in accordance with the foregoing. Wife's counsel shall prepare the judgement file.
BALLEN, JUDGE