[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of a marriage. The parties married on July 12, 1975 in Bridgeport, Connecticut. Both parties have resided continuously in this state for at least twelve months next preceding the date of filing the complaint; therefore, the court has jurisdiction. There is one minor child issue of this marriage, Christopher Robert Padilla, born on June 4, 1987. The marriage has broken down irretrievably, and a decree of dissolution will enter on that ground.
The parties, who met when they were teenagers, were married shortly after their high school graduation. They have both worked throughout their marriage, described by the plaintiff as a partnership. For nineteen years the marriage functioned as such.
At trial, the parties did not dispute the current custody and visitation arrangement. The parties have joint legal custody of their son, whose primary residence is with the plaintiff. The defendant has reasonable, flexible and liberal rights of visitation. The court, having heard the evidence, finds that the current arrangement is in the best interests of the child and shall center an order accordingly.
The defendant husband, Juan, is a forty-eight year old projects manager for the Matsushita Electric Corporation (Panasonic) in Secaucus, New Jersey. He graduated from the University of Connecticut in 1996 with a Bachelor of Science degree in general studies. While attending school in the evening, the defendant held a full time job. Near the time of the defendant's graduation, the parties purchased the current marital residence. CT Page 16614
The parties separated in 1999. At the time, the defendant was earning approximately $140,000 yearly. Shortly after the separation, in November 1999, the defendant's job was eliminated and his employment was terminated. After about six months, he accepted his current position at Panasonic, the only job offer he received. According to the defendant's financial affidavit, his salary is $92,000 per year. He does not receive any bonuses or commissions. After deductions for state and federal taxes, medical insurance and pension accounts, his net salary is approximately $63,000 annually.
The plaintiff, Gladys Rosa Padilla, is a forty-five year old high school graduate. She attended business school and one year of college. Her college education ended when she became pregnant with their first child, a daughter, Gabriella. During a large portion of their marriage, the plaintiff was employed in a variety of occupations. Shortly before the parties' separation, the plaintiff was earning from $35,000 — $40,000 annually. She is currently working as a medical staff assistant, earning a gross annual salary of approximately $29,000.
The primary asset of this marriage is the marital home. It was purchased in 1996, at a time when both parties and their two children all resided together. The plaintiff and Christopher live alone in the home.
Christopher is currently a freshman at a parochial school in the area. He is doing well there academically, and enjoys extracurricular activities. Christopher had always attended private schools, as had his older sister, both with their father's consent. The defendant's objection to this academic environment is recent. However, based on the testimony provided, the court finds that Christopher has thrived in his current academic setting, which is essential for his future security and development. A change in this environment, after a lifetime of familiarity with private schools, would devastate the child.
The court next considers the causes of the breakdown of this marriage. It is uncontested that immediately prior to the institution of this action the defendant engaged in an extramarital affair. Nevertheless, it is equally clear that even before this event the parties had grown apart. The defendant's affair merely accelerated the ultimate demise of this relationship. Both parties share responsibility for the breakdown of their marriage.
The court has considered all the facts found in this memorandum of decision in light of the mandate of Connecticut General Statute section46b-81. See Smith v. Smith, 185 Conn. 491, 493, 441 A.2d 140 (1981). The court, having considered all the evidence in light of all relevant statutory criteria, enters the following orders: CT Page 16615
 1. The marriage of the parties is dissolved on the grounds of an irretrievable breakdown.
 2. The parties shall have joint legal custody of the minor child issue of the marriage, Christopher Robert Padilla. The primary residence of the child shall be with the plaintiff. The defendant shall have reasonable, flexible and liberal rights of visitation to include, but not be limited to, alternate weekends, time during the school year and summer vacation, and major holidays in alternate years.
 3. The defendant shall provide to or for the benefit of the minor child such medical and dental insurance as may be available through his employment. In the event the defendant does not have such insurance available to him, the plaintiff shall provide to or for the benefit of the minor child like insurance as may be available through her employment, and the defendant shall reimburse the plaintiff for one-half of the cost thereof. The parties shall each be responsible for one-half of the cost of any uncovered or unreimbursed medical, dental, psychological or therapy expenses as may be reasonably necessary to or for the benefit of the minor child. Any unreimbursed medical, dental, psychological or therapy expenses incurred on behalf of the minor child shall be shared equally by the parties.
 4. A. The defendant shall pay to the plaintiff periodic alimony in the amount of Sixteen Hundred Dollars ($1,600) per month for forty-eight (48) months beginning January 1, 2002 and concluding December 1, 2005.
 B. Beginning in January, 2006, the defendant will pay the plaintiff periodic alimony in the amount of Nine Hundred Dollars ($900) per month for seventy-two (72) months beginning January 1, 2006 and concluding December 1, 2011.
 C. The alimony award shall terminate upon the happening of any of the following events, CT Page 16616 whichever first occurs: (a) the plaintiff's death; (b) the plaintiff's remarriage; (c) in the discretion of the court pursuant to Connecticut General Statute section 46b-86
(b); or the plaintiff's cohabitation.
An immediate wage execution shall enter.
 5. The defendant shall pay to the plaintiff as and for child support the sum of Two Hundred and Twenty-Four ($224.00) Dollars per week, an amount in accordance with the Child Support Guidelines, until the child, Robert, completes the twelfth grade or attains the age of 19, provided that such child is a full time high school student and resides with the plaintiff, and if not, then until the minor child of the marriage attains the age of 18.
An immediate wage execution shall enter.
 6. For tax purposes the defendant may claim Robert as a dependent.
 7. A. The plaintiff shall have exclusive use and possession of the marital home at 450 Long Hill Avenue, Shelton, Connecticut, until the sale of the home as hereinafter set forth.
 B. During said time, the plaintiff shall be responsible for, and shall indemnify the defendant against, payment. of the mortgage, property taxes and insurance and shall be allowed in full any tax deductions therefore.
 C. During said time, the plaintiff shall also be responsible for any usual and ordinary maintenance and repair expense; the plaintiff and defendant shall be equally responsible for any capital or other expense in excess of $1,000.
 D. The home shall be listed for sale on December 31, 2005 or sooner at the election of the plaintiff. CT Page 16617
 E. If the parties are unable to agree on a listing price, the price shall be set by averaging the suggested listing price of each party's appraiser.
 F. Any offer within ten (10%) percent of the listing price shall be accepted.
 G. Upon the sale and after payment of the mortgage, broker's fee, attorney's fee and any other usual and customary closing expenses, the net proceeds shall be divided sixty (60%) percent to the plaintiff and forty (40%) percent to the defendant.
 H. Each party shall be responsible for any taxable gain in said proportion.
 I. The court shall continue to reserve jurisdiction over matters relating to the listing and sale of the property.
 J. Neither party shall cause or allow the property to be further encumbered without the consent of the other party.
 8. The plaintiff is awarded all of the furniture and furnishings in the marital home, with the exception of the defendant's personal papers and effects, which are awarded to the defendant.
 9. The plaintiff is awarded the 1998 Mazda automobile and shall be responsible for any outstanding loan and shall indemnify and hold harmless the defendant from any claim or demand thereon.
 10. The parties shall divide equally the defendant's 401k "Putnam Investment" account. The parties shall prepare, and be equally responsible for, presenting this court with a plan to effectuate that transfer.
 11. For as long as the defendant shall have an alimony or support obligation, he shall cause to have in force and effect a life insurance policy on his own life in the sum of at least $250,000, naming CT Page 16618 the plaintiff as the beneficiary thereof as and for trustee for the child Christopher. The defendant shall provide to the plaintiff satisfactory evidence thereof within thirty (30) days and at such other times as may be reasonably requested by the plaintiff.
 12. Except to the extent more specifically set forth herein, each order of the court is to be effectuated within thirty (30) days of the date of this decision.
 13. Except to the extent more specifically set forth herein, each party shall retain all assets as shown on their respective financial affidavits free and clear of any claim or demand by the other, and each party shall be responsible for all liabilities as shown on their financial affidavits and shall indemnify and hold harmless the other party from liability therefore.
Judgment shall enter in accordance with the foregoing orders.
JULIA DiCOCCO DEWEY, JUDGE