[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of a marriage. The parties married in Queens, New York on April 29, 1992. They resided continuously in this state for at least twelve months before the date of filing the complaint; therefore, the court has jurisdiction.
This is the only marriage for both parties. There are no minor children.
 I. Facts of the Case[1]
This couple met in 1989. They married three years later. The plaintiff is a thirty-eight year old South American native. She attended college in Ecuador where she majored in psychology. The plaintiff was twenty-five years old when she immigrated to the United States. She did take some courses at Housatonic Community College in Bridgeport.[2] The defendant has a more limited education background. Both are in generally good health.
During the bulk of the marriage, the plaintiff worked as a waitress, house cleaner or babysitter. Some of those positions were in facilities owned by the defendant. She did not always work a full time schedule. However, some months before filing this action, the plaintiff secured a position as a prep kitchen attendant with the Martha Stewart enterprises. There she earns a gross income of approximately $32,000 annually. The plaintiff may have some employment benefits. Unfortunately, there is no evidence that she has any vested rights. There is certainly no definitive evidence that there is any form of pension.
Before his marriage, the defendant worked at a variety of careers. At first he owned cafes. These failed. Using money received from the settlement of a civil action, the defendant then began an enterprise wherein he and a partner purchased and then rehabilitated houses.[3]
The partners derived some rental income from these properties. CT Page 4200
Eventually this real estate partnership ended. Using the money from the sale of the properties as well as the funds from the settlement of a second negligence action,[4] the defendant and a new partner purchased Auto Perfection, an enterprise in which they leased used cars and sold cars on a consignment basis.
Auto Perfection was never successful. The defendant was not able to realize a substantial profit from the lease or sale of the company's automobiles. For income, he utilized the company's credit line, eventually amassing a $17,000 debt. Eventually, the defendant sold this business for the $17,000 and immediately paid that debt.
When they were first married, the parties lived expense free with the defendant's mother, Barbara. After eighteen months, they purchased a marital home in Trumbull.[5] The defendant sold his rental properties in order to provide a down payment for that home. Additionally, he contributed a portion of the proceeds from his second accident settlement. Both parties shared the household expenses. After the defendant's arrest for narcotics charges, the plaintiff moved in with her mother-in-law and rented the marital home. By agreement, the parties sold that property in February 2002. The proceeds still remain in an escrow account. There is no clear understanding about the ultimate distribution of those proceeds.[6]
When the marital home was sold, the plaintiff also sold the bulk of its furnishings, retaining the few remaining items and all the profit. Although she had lived with her mother-in-law for a large portion of this marriage, the plaintiff did not allow her mother-in-law to store any of that furniture until the defendant's release from incarceration.
Both parties worked throughout this marriage. Both put their earnings into joint accounts from which they attempted to pay all outstanding bills. Additionally they lived with the defendant's mother for long periods of time in order to reduce their expenses. Nevertheless, they always had some debt. After the defendant's incarceration, the bills mounted. Both have credit card debt. Additionally, there is an outstanding car loan as well as overdue real estate and income taxes, medical accounts and home repair bills. These debts were accrued during the marriage. The defendant took money from his business credit line but could not pay all the existing debts.
During the pendency of this litigation, the parties sold the marital home. The money remains in escrow. CT Page 4201
It is difficult to ascribe fault in the present case.[7] Both testified that the marriage went well for the most part. The plaintiff herself testified that until the separation, "life was okay." She had "no regrets." Both litigants worked. They each shared expenses. The defendant's mother provided assistance when needed. The one factor that prompted this action appears to be the defendant's arrest and subsequent incarceration for narcotics charges. The plaintiff determined that she would have to support herself.
 II. Orders
The court has considered all the facts found in this memorandum of decision in light of the mandate of Connecticut General Statutes Section 46b-81. See Smith v. Smith, 185 Conn. 491, 493, 441 A.2d 140 (1981). The court, having considered all the evidence in light of all relevant statutory criteria, enters the following orders:
1. The marriage of the parties is dissolved on the grounds of an irretrievable breakdown.
2. Neither party shall pay alimony to the other, and each party releases the other from any claim thereof.
3. The marital home has been sold. The parties stipulated that after payment of federal taxes there remained net proceeds of $74,458.80. The parties shall share the net proceeds equally.
4. Each party shall retain his/her own personal property currently in their possession.
5. Each party is responsible for the debts listed on his/her financial affidavits.
6. Each party shall be responsible for his/her own attorneys fees.
7. Except to the extent more specifically set forth herein, each order of the court is to be effectuated within thirty (30) days of the date of this decision.
8. Except to the extent more specifically set forth herein, each party shall retain all assets as shown on their respective financial affidavits free and clear of any claim or demand by the other, and each party shall be responsible for all liabilities as shown on their financial affidavits and shall indemnify and hold harmless the other party from liability therefore. CT Page 4202
Judgment shall enter in accordance with the foregoing orders.
JULIA DiCOCCO DEWEY, JUDGE